## Oatman v. Oatman

*W. Gustane McGeorge*, for plaintiff.
*Donald Grieshober*, for defendant.

JIULIANTE, *J.*, November 30, 1982—This case is presently before the court en banc on the exceptions of defendant to the master's report which recommended granting a divorce a.v.m. pursuant to Section 201(d) of the Divorce Code, Act 26 of 1980, 23 Pa.C.S.A. §201(d). We will affirm the master's findings of fact and grant the divorce decree as recommended.

Defendant, Lou Ann Oatman, alleges that the master erred in recommending the granting of a divorce decree under 23 Pa.C.S.A. §201(d) for the reasons that it was not established that the parties lived separate and apart for three years, nor was it

established that the marriage was irretrievably broken.

At a hearing before the master held on January 22, 1982, it was established that plaintiff and defendant had maintained separate residences for three years, but had seen each other frequently throughout the time period, making several attempts at reconciliation. Defendant testified that on some 67 different occasions plaintiff spent the night at her home, and that on several occasions they had sexual relations. Although plaintiff denied any allegations that the parties maintained sexual contact, testimony of their daughter, Lori Oatman, tended to corroborate her mother's assertions. Even though the parties were in touch with one another, according to defendant they still were operating on a mere "dating basis" after their separation.

It appears that a good faith attempt at reconciliation was made by plaintiff and defendant, with unsuccessful results. The master concluded that the marriage was in fact irretrievably broken. We must concur with these conclusions. However, to completely satisfy the requirements needed to obtain the "unilateral divorce" specified in 23 Pa.C.S.A. §201(d), the parties must also have lived separate and apart for at least a three year period. Section 201(d) states:

Section 201. Grounds for divorce.

(d) (1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

(11) The respondent denies one or more of the allegatons set forth in the affidavit, but after notice and hearing, the court determines that the parties have lived separate and apart for a period of at least

three years and that the marriage is irretrievably broken.

The separate and apart requirement stated in Section 201(d)(1) is defined in 23 Pa.C.S.A. §104 as the "complete cessation of any and all cohabitation." Unfortunately, neither the Divorce Code itself, nor Pennsylvania case law adequately defines the term "cohabitation." Defendant attempts to define it by citing case authority from other jurisdictions which have held that sexual relations between the parties would *not* be a complete cessation of cohabitation, and hence would toll the running of the statutory separate and apart time requirements. (See, for example: McClure v. McClure, 205 Ark. 1032, 172 S. W. 2d 243 (1943).

However, an almost equal number of jurisdictions do not regard sexual activity between the parties as a bar to obtaining a divorce decree on the grounds of living separate and apart. The New Jersey case of Brittner v. Brittner, 124 N.J. Super. 259, 306 A. 2d 83 (1973) exemplifies this latter view. In Brittner, the court stated that plaintiff should not be penalized for an unsuccessful attempt at reconciliation. A transitory cohabitation (such as would result from occasional sexual relations) which does not amount in a true reconciliation should not destroy a cause of action.

We are of the opinion that the view as stated in the Brittner court is that which the Pennsylvania legislature had in mind in adopting the new Divorce Code. As stated in 23 Pa.C.S.A. §102(a)(6), the primary purpose of the legislature is to deal with the matrimonial experience as realistically as possible, and to "encourage and effect reconciliation and settlement of differences between the spouses," especially where children are involved.

The parties in the instant case did attempt to resolve their differences, albeit unsuccessfully. The mere fact that they occasionally engaged in sexual intercourse would not tend to convert their social "dating relationship" into a state of cohabitation. To hold that cohabitation cessation requires an absolute separation would not only be an unrealistic perception of the "matrimonial experience," but would also be in contravention of the stated legislative intention of encouraging reconciliation. We believe that cohabitation for purposes of the Divorce Code refers to the living arrangements made between husband and wife in the normal marital relationship, of which sexual intercourse is but a part.

In compliance with the above analysis, we will act in accordance with the master's recommendations and enter a decree absolutely divorcing plaintiff, Donald D. Oatman, from the bonds of matrimony heretofore contracted with defendant, Lou Ann Oatman, under Section 201(d) of the Divorce Code.

## ORDER

And now, November 30, 1982, defendant, Lou Ann Oatman's exceptions to the master's report are hereby dismissed. Plaintiff, Donald D. Oatman, is divorced absolutely from the bonds of matrimony contracted with defendant, Lou Ann Oatman, under Section 201(d) of the Divorce Code, in compliance with the recommendations of the master, filed on April 12, 1982.