**Hepp v. Hepp**

*J. B. Sinclair,* for plaintiff.
*Michael D. Carr,* for defendant.

REED, *J.,* July 5, 1983—Plaintiff filed his complaint in this divorce action on May 27, 1981 asserting grounds under Sections 201(c) and 201(d) of the Pennsylvania Divorce Code (hereinafter, Code).

The master who heard the case recommended to the court that a Divorce Decree be granted under §201(d) of the code. Defendant took exceptions to the master's report and after argument, by order filed on April 25, 1983, this court overruled the exceptions. On April 27, 1983, a final decree in divorce was entered.

From this court's decision dismissing defendant's exceptions and entering a final decree, she has now appealed to the Superior Court..

On November 7, 1979, after approximately 30 years of marriage, Plaintiff separated himself from defendant. This separation continued until May 10, 1980 when plaintiff returned to the marital home. He and defendant socialized together and engaged in sexual relations at that time.

The parties lived together only until July 1, 1980 when they again separated and have so remained to this day.

When plaintiff filed this action on May 29, 1981, he did so under both Section 201(c) (No-fault) and 201(d) (fault) of the Divorce Code. However, since defendant refused to voluntarily consent to a no-fault Divorce (§201(c)), on November 9, 1982 plaintiff filed the required affidavit under Section 201(d) claiming the parties had lived separate and apart for three years from November 7, 1979.

Defendant responded with a counter-affidavit asserting that the parties have not lived separate and apart from November 7, 1979, but rather that their continuous separation did not commence until July 1, 1980.

On November 19, 1982, plaintiff moved for the appointment of a general master to hear the case under §201(d) and decide the issue of whether plaintiff was entitled to a divorce.

The master heard the case on December 23, 1982 and filed his findings on February 2, 1983. On February 14, 1983, defendant filed exceptions. We dismissed these exceptions and entered a final decree as we have noted.

Defendant's exceptions, which we overruled, raised four issues.

## I

Defendant argues that plaintiff's affidavit under Section 201(d) of the code does not fulfill the requirements of the code because plaintiff failed to assert that the marriage was irretrievably broken.

The code provides:

It shall be lawful for the Court to grant a divorce where a party has filed a *Complaint and an Affidavit* alleging that the parties have lived separate and

apart for a period of at least three years *and that the marriage is irretrievably broken.* (Emphasis added.) 23 Pa.C.S.A. §201(d)I.

Defendant contends the affidavit must set forth not only that the parties have lived separate and apart for a period of at least three years, but that the marriage is irretrievably broken as well.

We disagree. The code mandates that plaintiff file a complaint and affidavit which together allege this information. Plaintiff's complaint and affidavit, taken together, do provide this information. The requirements of Section 201(d) are therefore met. Moreover, plaintiff's filing comports with the July 1, 1980 Pa.R.C.P. 1920.72. (The change effective July 1, 1983 is not applicable.)

Plaintiff's complaint alleged that the marriage was irretrievably broken and the affidavit, following the form required prior to July 1, 1983, alleges a three year separation.

## II

Defendant contends that the facts fail to establish that the parties had lived separate and apart for three years at the time of the affidavit and master's hearing. However, in any event, as defendant admits, after July 1, 1983 the parties will have lived separate and apart continuously for three years.

Since this opinion will be filed after July 1, 1983, this issue will regardless be rendered moot.

The parties separated on November 7, 1979 and remained so until May 10, 1980. They then cohabitated together until July 1, 1980 and then again separated and remained separated.

Defendant contends that a "reconciliation" occurred in the period May 10 through July 1, 1980 which consequently tolled the running of the three year period and, thence, at the master's hearing, the

parties were not separated continuously in excess of three years.

Defendant argues that July 1, 1980 commences the running of a new period of separation which had to go for three continuous years. Defendant points to the legislative debates on the code which set forth that separate and apart was to be "complete cessation of any and all cohabitation such that we cannot have a circumstance where two people occupy the same dwelling, but consider themselves to be living separate and apart because they are not engaging in family affairs or marital relations," and, as well, cites Williams v. Williams, 31 Chester Co. Rep. 82 (1982). However, Williams is distinguishable since there the parties occupied the same dwelling throughout the three year period though residing in separate bedrooms and leading separate lives.

Here, we have only a six week period when the parties occupied the same dwelling. Brittner v. Brittner, 124 N.J. Super. 259, 306 A.2d 83 (1973) addresses similar facts. Although Brittner is a New Jersey case, its reasoning is persuasive. That case held that a four week period of cohabitation did not amount to such a renewal of the marital ties as to deprive plaintiff of grounds for divorce. The New Jersey Court logically and pertinenty observed:

"To hold otherwise would in general inhibit possible attempts at reconciliation by separated couples, a result to be avoided if possible. And if a divorce must be the ultimate result, what better evidence can be offered that there is no reasonable prospect of reconciliation than the parties have recently tried and failed?" 306 A.2d at 85.

Although testimony presented as to what actually occurred during the six week interval conflicted, the master made his findings reconciling those conflicts.

We consider this six week period as a time for reconciliation. We are not able to conclude that it represented a resumption of the marital relationship.

The parties attempted to reconcile their differences but obviously did not succeed for they sealed their permanent separation after six weeks.

The mere fact that one spouse returns to live with the other does not make a reconciliation nor does it mend a broken marriage. It is only indicative that the parties briefly attempted to either solve their problems or perhaps achieve some other purpose. If their problems are solved, then there is a reconciliation and the marriage reaffirmed. On the other hand, if their problems are not resolved, then the separation is resumed and the broken marriage goes unmended.

Attempts at reconciliation are to be encouraged and not either prohibited or counted against a spouse. Thus we reasset and reaffirm the public policy to encourage personal and societal commitment to the marital relationship.

Moreover, the parties' living together occurred at the time of their daughter's wedding. This brought them together to show some semblance of family normalcy and stability for their daughter at the time of her wedding. That they went beyond mere appearance is not difficult to understand nor does it alter the situation.

Defendant directs attention to the testimony of friends which she argues proved that she and plaintiff had resumed their marital relationship. These friends of long standing who were overjoyed that the parties were living together again, only showed what others thought or hoped happened; it does not create or establish the parties' relationship.

We hold that what happened was only an attempt at reconciliation which did not toll the running of

the three year period. The master was correct in holding the parties were separated for three continuous years as of November 7, 1982.

## III

Defendant argued that plaintiff is not entitled to a divorce under Section 201(d). Having concluded that a three year separation occurred and that her marriage was irretrievably broken, this argument has no basis. Plaintiff is now living in Virginia with another woman who he intends to marry.

Moreover, defendant even testified that she herself was not certain of her own view of the status of her marriage. This testimony lacks the quality and certainty which carries conviction and confidence in the strength and ongoing validity of her own commitment to the marriage. Any idea that this marriage is not irretreviably broken follows a will-of-the-wisp, for it is an idea without support.

We find defendant's fourth and final point reiterating issues already addressed needs no comment.

We have carefully reviewed the record and find the master's report to be consistent with the testimony and law.

Accordingly, we ordered that defendant's exceptions to the master's report be overruled and dismissed.