124 N.J. Super. 259 (1973)
306 A.2d 83
EDUARD BRITTNER, PLAINTIFF,
v.
ROSA BRITTNER, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided May 29, 1973.
*260 Mr. John A. Hila, attorney for plaintiff.
McKENZIE, J.C.C., Temporarily Assigned.
Does cohabitation of the parties after the required separation period prevent the granting of a divorce under N.J.S.A. 2A:34-2(d)?
The parties were married in Russia in 1934. Plaintiff served in the German Army and became separated from his wife in 1944. Immediately following the war, he came to the United States. He remained here until March 1971, when he returned for a visit to Germany. He located his wife and for a period of about four weeks they cohabited in Germany. He determined that the marriage relationship could not be resumed and returned to the United States, filing the present suit in December of 1971. His wife at all times has remained a resident of Germany. The two children of the marriage are emancipated.
N.J.S.A. 2A:34-2(d) authorizes a judgment of divorce for
Separation, provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation: *261 provided, further that after the 18-month period there shall be a presumption that there is no reasonable prospect of reconciliation; * * *.
Subsection (e) of the same statute permits a divorce on the grounds of
Voluntarily induced addiction or habitation to any narcotic drug as defined in the New Jersey Controlled Dangerous Substances Act, P.L. 1970, c 226 or habitual drunkenness for a period of 12 or more consecutive months subsequent to marriage and next preceding the filing of the complaint * * *. [Emphasis supplied]
And subsection (f) recognizes as a ground for divorce
Institutionalization for mental illness for a period of 24 or more consecutive months subsequent to marriage and next preceding the filing of the complaint * * *. [Emphasis supplied]
Subsection (g) authorizes a divorce where plaintiff has established
Imprisonment of the defendant for 18 or more consecutive months after marriage, provided that where the action is not commenced until after the defendant's release, the parties have not resumed cohabitation following such imprisonment * * *.
Thus, it should be noted that unlike the subsections (e) and (f), subsection (d), under which the present suit is brought, contains no requirement that time period involved immediately precedes the filing of the complaint.
It should be further noted that subsection (g) contains a requirement that cohabitation not have been resumed where the imprisonment term has been completed prior to the filing of the complaint.
Although the relationships of the various time periods to the date of the filing of the complaint were thus treated differently by the Legislature, each subsection is consistent with the fundamental aim of our recent divorce reform law to terminate dead marriages. See Quinn v. Quinn, 118 *262 N.J. Super. 413 (Ch. Div. 1972); Morrison v. Morrison, 122 N.J. Super. 277 (Ch. Div. 1972). Twelve months of addiction or habituation to drugs or alcohol, and 24 months of mental institutionalization, are deemed to be sufficient indication that the marriage is no longer viable, provided that such conditions still continue at the time the complaint is filed. Similarly, where a defendant spouse remains in jail at the time the complaint is filed, after more than 18 months of imprisonment, this fact alone is sufficient evidence of the breakdown of the marriage. But where he has been released, plaintiff must further establish that the parties have not since cohabited.
Subsection (d) evinces a similar approach. The 18 month period of separation need not immediately precede the filing of the complaint, but the court must be satisfied in addition that there is no reasonable prospect of reconciliation. This does not mean that parties separated for more than 18 months many years past, who thereafter substantially resume the basic concomitants of the marital relationship, can obtain a divorce now on a mere showing that that relationship is now irretrievably lost. To permit a divorce under the statute, the period of separation and the irreconcilability of the marriage must have a nexus; the latter must flow from the former. See New Jersey Divorce Law Study Commission Final Report 73 (May 1970). But a transistory cohabitation, which does not amount to a true reconciliation, does not destroy the cause of action. This is consistent with the philosophy of the new divorce law in this area, as indicated by the abolition of condonation as a defense in suits for divorce based on fault. N.J.S.A. 2A:34-7.
Here the parties were separated for some 27 years. Upon his return to Germany plaintiff sought to ascertain whether perhaps the marriage could be revived. The court is satisfied that a comparatively brief four-week trial period of cohabitation did not, under the circumstances in this particular *263 case, amount to such a renewal of the marital ties, in disuse for so many years, as to deprive plaintiff of his cause of action. No real reconciliation was achieved, and plaintiff should not be penalized for an unsuccessful attempt at one. To hold otherwise would in general inhibit possible attempts at reconciliation by separated couples, a result to be avoided if possible. And if a divorce must be the ultimate result, what better evidence can be offered that there is no reasonable prospct of reconciliation than that the parties have recently tried and failed?
Judgment for divorce will be granted accordingly.