124 N.J. Super. 214 (1973)
305 A.2d 813
ELBERT DUNSTON, PLAINTIFF,
v.
ISABELL DUNSTON, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided June 5, 1973.
*215 Mr. Ronald Reichstein for plaintiff (Messrs. Beck, Reichstein and Guidone, attorneys).
CONSODINE, J.S.C.
Plaintiff sues for divorce on the separation ground N.J.S.A. 2A:34-2, subd. d. The parties were separated from 1961 to 1971. They lived together for four months in 1972 and again separated.
The statute, supra, conditions a judgment of divorce on primary and corroborative proof (Bolmer v. Edsall, 90 N.J. Eq. 299. (Ch. 1919)) that the parties have lived in different habitations for at least 18 or more months without a reasonable prospect of reconciliation. In the latter regard the statute creates a presumption of law that, after an 18-month period of separation, there is no reasonable prospect of reconciliation. This presumption, however, does not create a vested right to a divorce if subsequent conduct is violative of the wording of the statute. A reasonable prospect of reconciliation was created by the parties. Such a presumption disappears upon the introduction of substantial evidence by way of contradiction. In re Blakes, 21 N.J. 50 *216 (1956); Spear v. Lyndale Mfg. Co., 35 N.J. Super. 385 (App. Div. 1955). See also, N.J. Rules of Evidence (1972 ed.), Rules 13 to 16; Wigmore on Evidence (3d ed. 1940) § 2491 at 288.
The rebuttal of the presumption applies here to the ten-year period of separation and leaves plaintiff with a lack of several months before the resurgence of another presumption under the statute.
Complaint for divorce on separation dismissed with prejudice on the facts.