124 N.J. Super. 544 (1973)
308 A.2d 46
JOAN ANTONUCCI, PLAINTIFF,
v.
ROBERT ANTONUCCI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided July 5, 1973.
*545 Mr. Richard W. Bennett for plaintiff.
McKENZIE, J.C.C., Temporarily Assigned.
Does a single act of sexual intercourse between the parties during the prescribed period of separation prevent the granting of a divorce under N.J.S.A. 2A:34-2(d)? That section of our Divorce Act allows the granting of a divorce based on
Separation, provided that the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation; provided, further that after the 18-month period there shall be a presumption that there is no reasonable prospect of reconciliation; * * *.
The parties were married in October 1960. They separated in February 1970 and lived in separate residences thereafter. In April 1971, however, and therefore before they had been separated for 18 months, defendant came to plaintiff's home and discussed the possibility of reconciliation. On this occasion the parties engaged in sexual relations. Defendant left in the early evening, indicating he would return but did not do so. After February 1970, and until the date of trial, plaintiff did not see defendant nor have any communication *546 from him except for the visit in April 1971. She filed her complaint in June 1972.
In another case decided recently, this court held that where the parties, after 18 months of separation, engaged in a brief unsuccessful attempt to achieve a reconciliation, they did not lose the cause of action already accrued. To hold otherwise, it was pointed out, would tend to discourage attempts at reconciliation by couples already separated for the required period. Brittner v. Brittner, 124 N.J. Super. 259 (Ch. Div. 1973). In the instant case the act of intercourse occurred before the 18 month's period had transpired and thus before the cause of action had accrued.
The court is satisfied that plaintiff sincerely believed defendant was desirous of a reconciliation. His desires were not in fact on so high a plane, and he misrepresented same to plaintiff. The situation presented is analogous to that in Sabia v. Sabia, 16 N.J. Super. 273 (App. Div. 1951). There it was held that where a spouse induces the other to engage in sexual intercourse with the fraudulent purpose of depriving the other of a cause of action for divorce for desertion, the act of intercourse is inoperative in legal effect. To break the period of desertion, the relationship must result from a genuine desire to effect a reconciliation. See Jackson v. Jackson, 93 N.J. Eq. 216 (E. & A. 1921).
Similarly here. Since defendant's motives were insincere, and plaintiff was misled by them, elemental fairness would dictate that plaintiff's status before the court should not be affected. It would be anomalous to deny a divorce sought on a non-fault ground for a circumstance that would not prevent a divorce on a fault ground. Certainly, the act of intercourse under the circumstances here present does not lead the court to find there is any reasonable prospect of reconciliation.
The statute requires that the parties live separate and apart in different habitations for 18 consecutive months, and that there be no reasonable prospect of reconciliation. The court finds these facts to have been established.
A judgment of divorce will be granted.