232 N.J. Super. 474 (1989)
557 A.2d 696
CARIDAD MOHAMED, PLAINTIFF-RESPONDENT,
v.
MAGDY MOHAMED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 8, 1989.
Decided April 27, 1989.
*475 Before Judges GAULKIN, BILDER and ARNOLD M. STEIN.
Massoud & Brennan, attorneys for appellant (Ahmed A. Massoud, on the letter brief).
Richard C. Heubel, attorney for respondent.
The opinion of the court was delivered by BILDER, J.A.D.
On this appeal we are required to further examine into the nature of a protective order entered under the Prevention of Domestic Violence Act. N.J.S.A. 2C:25-13b. More particularly, we are concerned with the continued viability of a custody order after the parties have returned to a period of domestic harmony.
In June 1986 as a result of marital discord plaintiff Caridad Mohamed filed a domestic violence complaint and obtained an order which, among other things, in addition to prohibiting her husband, defendant Magdy Mohamed, from having contact with her, awarded her temporary custody of the parties' minor children, Warda, a girl then three years old, and Mustafa, a boy then one year old.[1]
*476 The parties reconciled in about May 1987. The following month plaintiff took the two children to Egypt to visit her husband's mother. While there she voluntarily arranged for her daughter Warda to remain with the child's paternal grandmother and returned to Jersey City with only her son, Mustafa. Warda has continued to reside with defendant's mother and sister in Alexandria, Egypt since that time.
The reconciliation lasted until the beginning of August 1988 when plaintiff obtained an order to show cause why her husband should not be held in contempt for violating the July 1986 domestic violence order. In her certification in support of that order, plaintiff alleged new acts of violence by defendant. The order to show cause provided that a warrant issue for defendant's arrest, and apparently this occurred because five days later an order was entered vacating the previously ordered $500 bail and releasing him on his own recognizance. He was also given leave to remove his personal possessions from the marital abode. On the return date of the order to show cause, August 22, 1988, another domestic violence order was entered which again awarded plaintiff custody of the two children. The following month, on September 13, 1988, a support and custody order was entered, this time apparently in a more traditional support proceeding, although, like all the orders in the case, bearing the docket number of the original 1986 domestic violence complaint. At the same time, an order was entered noting the withdrawal of the contempt application at the request of the plaintiff.
It was against this background that a hearing was held on September 20, 1988 which was characterized by the court as the adjourned hearing on the order to show cause why defendant should not be held in contempt for violation of the 1986 domestic violence order. The issue, however, did not relate to the violent acts referred to in plaintiff's certification in support of the order to show cause but to the custody of the daughter Warda. Briefly stated, plaintiff wanted an order requiring the return of Warda to this country. And that is what she received. *477 Following a plenary hearing in which the trial judge heard defendant and a witness produced by him, an order was entered, apparently in the form used in more traditional custody and support matters but still under the domestic violence docket number, which provided that temporary custody of Warda was to remain with her mother and the child was "to be returned from Egypt forthwith." The order to show cause was adjourned to November 1 and defendant was required to post $10,000 cash bail. The order read: "[Defendant] to post bond in amount of $10,000 cash. Until bond is posted [defendant] to remain in [Hudson County] Jail." On rehearing the following day the order was essentially reissued. Defendant posted the cash bail and appeals.[2] Warda, as noted, remains in Egypt in the custody of her paternal grandmother who apparently refuses to return her.
On appeal defendant contends the July 14, 1986 domestic violence order ceased to be effective after the parties reconciled and resumed their marital relationship. We agree. As we noted in Mugan v. Mugan, 231 N.J. Super. 31, 33 (App.Div. 1989), relief under the Prevention of Domestic Violence Act is emergent in nature, intended to afford speedy assistance. If the parties do not reconcile, the more orderly procedures should be employed for the resolution of long range support and custody matters. If the situation which led to the domestic violence action is resolved by the parties, the reconciliation should end the matter. The reconciliation of the parties destroys the viability of a domestic violence order. We therefore vacate so much of the order appealed from as relies on the July 14, 1986 order. Since Warda no longer resides in New Jersey but has been voluntarily put in the custody of her paternal grandmother in Egypt, our jurisdiction is questionable. We take no position on this except to note that a custody proceeding *478 is apparently presently underway in Egypt.[3]See N.J.S.A. 2A:34-31 and 51.
As a procedural matter, it is our view that a trial judge confronted with a Domestic Violence order which is not current should inquire as to the subsequent history, and if the court finds the parties had an intervening reconciliation, the prior orders should be sua sponte dismissed. This does not deprive the complainant of the rights created by the Domestic Violence Act but merely requires that the action be started anew and the matter dealt with in the light of the then present circumstances.
So much of the order of September 21, 1988 as deals with the custody of Warda is vacated and the matter remanded for further proceedings consistent with this opinion.
NOTES
[1] A number of orders were entered over a period of weeks, most of which contained the same provision for temporary custody subject to reasonable visitation. The last such order was dated July 14, 1986. The record also discloses a subsequent order dated November 2, 1987 which modified the support and provided as follows:

Order of Support dated 6/30/86 is hereby modified that payment be made directly to the plaintiff by the defendant. Both parties reconciled as of 6/3/87 and now living together. Probation to recalculate arrears due Hudson County Welfare, any overpayment to Hudson County Welfare to be returned to the defendant at 345 Palisade Avenue, Apt 4, Jersey City, New Jersey 07307. Plaintiff waives any arrears due her. Probation Case to be closed.
This order was probably instigated by the Welfare Department as a collection vehicle. We question the use of a stale domestic violence order for such purposes.
[2] There have been subsequent proceedings which do not affect this appeal.
[3] We have learned from defendant's reply brief that his mother has commenced an action to obtain legal custody of the child. The parties, both named as defendants in that proceeding, have apparently been personally served in Jersey City.