257 N.J. Super. 126 (1992)
607 A.2d 1375
DEBORAH TORRES, PLAINTIFF,
v.
CARL LANCELLOTTI, DEFENDANT.
Superior Court of New Jersey, Chancery Division Hudson County, Family Part.
Decided April 21, 1992.
*127 Deborah Torres for plaintiff (Pro Se).
Carl Lancellotti for defendant (Pro Se).
HEALY, J.S.C.
On March 27, 1992, the plaintiff, Deborah Torres, filed a domestic violence complaint against her live-in boyfriend of eight years, the defendant Carl Lancellotti. In the complaint, plaintiff alleged that the defendant had choked, kicked, punched and bitten her about the face and body. She further alleged that the defendant had in the past, assaulted and threatened her. There was no history of prior domestic violence between the parties. Plaintiff requested that the defendant be barred from future acts of domestic violence and from making harassing communications to plaintiff and her brother. She also requested that certain personal property be returned to her.
On the same day, the Union City Municipal Court entered a temporary restraining order (TRO) granting plaintiff's requested relief, and setting the return date for the final hearing for April 7, 1992 at 8:30 a.m. On April 7, the defendant requested legal counsel and the hearing was adjourned with a new date of *128 April 21, 1992. On that date, both plaintiff and defendant appeared without legal representation.
At the final hearing the plaintiff repeated the allegations of her complaint and added that defendant continues to harass her. She asked that the court continue the restraints contained in the TRO and in addition requested that the court order the return of certain furniture and appliances to her. Defendant denied the allegations of domestic violence and asserted that the TRO should be vacated and the complaint dismissed on the grounds that plaintiff and defendant had, on one occasion, engaged in sexual relations after the entry of the TRO. Defendant argued that the conduct of the parties had vitiated the temporary restraining order and therefore the court could not enter a final order.
Established case law holds that the reconciliation of parties, separated by court order under the Prevention of Domestic Violence Act of 1990, (The Act) L. 1991 c. 261, "acts as a de facto vacation of the order." Hayes v. Hayes, 251 N.J. Super. 160, 167, 597 A.2d 567 (Ch.Div. 1991); see also Mohamed v. Mohamed, 232 N.J. Super. 474, 477, 557 A.2d 696 (App.Div. 1989). Moreover, it is the common practice of the courts to vacate a domestic violence order when there is a mutual violation of the order. Nonetheless, this court holds that the present mutual violation does not result in the automatic vacation of the TRO, and continues the relief therein to the final order.
Prior to the recent revision of the Prevention of Domestic Violence Act, de facto vacations of domestic violence orders premised upon a reconciliation or mutual violation, were justified by the fact that "relief under the Prevention of Domestic Violence Act, was emergent in nature, intended to afford speedy assistance. If the parties do not reconcile, the more orderly procedures should be employed for the resolution of long range support and custody matters." Mohamed, 232 *129 N.J. Super. at 476, 557 A.2d 696; see also Mugan v. Mugan, 231 N.J. Super. 31, 33, 555 A.2d 2 (App.Div. 1989).
While this court has no dispute with the notion that more orderly and formal relief should be sought where appropriate, it also recognizes that the new Prevention of Domestic Violence Act of 1990 has an expanded coverage and effect. In fact, the Prevention of Domestic Violence Act of 1990 states at section 2 (to be codified at N.J.S.A. 2C:25-18),
it is the responsibility of the courts to protect victims of violence that occurs in a family or family-like setting by providing access to both emergent and long-term civil sanctions.... Prevention of Domestic Violence Act of 1990, L. 1991 c. 261 s. 2 (Emphasis added.)
Moreover, in many cases (e.g., unmarried cohabitants without children) the relief awarded pursuant to a domestic violence complaint is the most formal and final relief available to the parties.
It is true that the Act still provides an important emergent function, however, it is also now apparent that a court adjudicating pursuant to the Act is, in addition, to provide final long-term relief in appropriate cases. That being the case, it would be unwise and improper to automatically vacate an order issued on a domestic violence complaint upon a reconciliation or mutual violation without further analysis.
Assistance in determining the proper analysis to be employed in such a case can be found by looking to the analogous situation of reconciliation during the next prior 18 months to a no-fault divorce. N.J.S.A. 2A:34-2 provides that a cause of action lies for divorce if "the husband and wife have lived separate and apart in different habitations for a period of at least 18 or more consecutive months and there is no reasonable prospect of reconciliation...." N.J.S.A. 2A:34-2 d. The statute "contains no requirement that the time period involved immediately precedes the filing of the complaint." Brittner v. Brittner, 124 N.J. Super. 259, 261, 306 A.2d 83 (Ch.Div. 1973). "[T]he statute creates a presumption of law that, after an 18-month period of separation, there is no reasonable prospect of *130 reconciliation." Dunston v. Dunston, 124 N.J. Super. 214, 215, 305 A.2d 813 (Ch.Div. 1973). "Such a presumption disappears upon the introduction of substantial evidence by way of contradiction." Id. at 215, 305 A.2d 813. Thus, should the 18-month separation pass without incident, only to be followed by a reconciliation, the presumption would fall and no cause for divorce would appear. This convoluted legal analysis has evolved throughout the case law in order to further the statute's underlying purpose of terminating dead marriages. Brittner, 124 N.J. Super. at 261, 306 A.2d 83.
Therefore, it is not surprising that the courts have often granted a divorce even when there has been a brief "reconciliation" prior to the complaint. In Brittner it was held that a four week cohabitation by the parties after a twenty-seven year separation "[did] not destroy the cause of action" for divorce. Id. at 262, 306 A.2d 83. Likewise in Antonucci v. Antonucci, 124 N.J. Super. 544, 308 A.2d 46 (Ch.Div. 1973), the court ruled that a single act of intercourse during the 18-month period, fraudulently induced, would not avoid a divorce action. Id. at 546, 308 A.2d 46. The courts justify these results by finding that the brief interactions between the parties do not constitute true reconciliations in that they do not ruin the presumption that the marriage is dead. The courts are heeding the purpose of the law before blindly applying its literal requirements.
The above exposition of the law is not provided to suggest that the same standard should be applied in the instant case, but to stress that not all interactions between the parties should be deemed true reconciliations and that the underlying purpose of the statute must be followed in interpreting and applying its provisions. The Legislature made it abundantly clear that the Prevention of Domestic Violence Act of 1990 was enacted "to assure the victims of domestic violence the maximum protection from abuse the law can provide." L. 1991 c. 261 s. 2, (to be codified at N.J.S.A. 2C:25-18).
*131 With this in mind, it is this court's opinion that no order should be vacated upon a reconciliation or mutual violation without an analysis of the necessity for continued protection and restraints. And in keeping with the Legislature's intentions, the court, upon a reconciliation or mutual violation by the parties, should consider all of the factors set forth in section 13 a., of the Prevention of Domestic Violence Act of 1990,
1) The previous history of domestic violence between the plaintiff and defendant; ...
2) The existence of immediate danger to person or property;
3) The financial circumstances of the plaintiff and defendant;
4) The best interests of the victim and any child;
5) In determining custody and visitation the protection of the victim's safety; and
6) The existence of a verifiable order of protection from another jurisdiction,
as well as any proof of changed circumstances since the entry of the prior order. Thus, if a true reconciliation has occurred and the need for protection is no longer present the order can be vacated in accordance with Mohamed. However, where the reconciliation consists of an isolated sexual encounter or an attempted reconciliation of short duration that has failed the order can remain in effect to protect the victim.
It should be noted that such an analysis should not be employed where both plaintiff and defendant appear and request a closing of the matter without further proceedings. In such a situation the individuals closest to the controversy have decided to halt the legal action. The Prevention of Domestic Violence Act of 1990 is still a civil provision, which requires the active participation and prosecution of a plaintiff.
In the instant case the proffered reconciliation was a single incident, followed by continued harassment. It is precisely the type of reconciliation that should not result in a dismissal of the order. It is evident from the testimony of the plaintiff and the behavior of the defendant that the restraints previously ordered should remain in effect.
*132 Therefore, it is ordered that defendant is prohibited from future acts of domestic violence, prohibited from having any contact with the plaintiff, and barred from plaintiff's residence. Furthermore, it is ordered that plaintiff is granted possession of the bedroom set, dining room set, and microwave oven, and clothes of the plaintiff presently located at defendant's residence, proof of title having been presented to the court.