270 N.J. Super. 269 (1993)
637 A.2d 170
CHARLENE MANN,[1] PLAINTIFF-APPELLANT,
v.
LAWRENCE MANN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 22, 1993.
Decided November 9, 1993.
*270 Deborah A. Rose argued the cause for appellant (Pellettieri, Rabstein and Altman, attorneys; John A. Hartmann, III, on the brief).
Lawrence F. O'Hara argued the cause for respondent (Lefkowitz, O'Hara & Fitzpatrick, attorneys; Mr. O'Hara on the brief).
Before Judges KING, HAVEY and ARIEL A. RODRIGUEZ.
The opinion of the court was delivered by KING, P.J.A.D.
This is an appeal from a final restraining order entered on June 22, 1993 by Judge Kelly barring the wife, Charlene Mann, from the family residence in Trenton. The final order granted temporary custody of the three children  ages 11, 12 and 13  to the husband, Lawrence Mann, with "liberal reasonable visitation pursuant to a written schedule to be set." The order also imposed a *271 "mutual freeze on all marital assets in [the home]." The judge dismissed Charlene Mann's domestic violence cross-complaint.
Appellant Charlene Mann claims that the judge's ruling was "against the weight of the evidence." On July 24, 1993 we entertained an application by plaintiff for emergency relief from the order through either a stay or a summary reversal. At that time, we requested counsel to obtain a transcript of the June 22 hearing. Upon review of the transcript, we were satisfied that Judge Kelly's order was at least presumptively justified by the evidence presented to him at that time. We denied emergency relief.
The judge had concluded, after hearing sworn testimony from each side, that the defendant Lawrence Mann was not guilty of criminal trespass or harassment under the Prevention of Domestic Violence Act of 1991. N.J.S.A. 2C:25-17 to -33 (Act). To the contrary, the judge found that Charlene Mann was guilty of criminal mischief and harassment under that Act. See N.J.S.A. 2C:25-19(a)(10) and (13). He found that:
[T]he plaintiff, Lawrence Mann, has established his case by the preponderance of the evidence. I find that the pulling on the phone, the pulling out of the cord, the striking with the door, the repeated acts of interfering with the telephone call and it should be noted that at the time it either was known or should have been known by Mrs. Mann that the police had been called since it was done right in her presence and that hardly is the kind of acts that one would do to  right after calling the police. There's no question that the door jamb or part of the door was broken. It's admitted but that is his property, it was not done maliciously, it was done to get inside. I find by a preponderance of the evidence that he has established his burden of proof under the criminal mischief and harassment on June 14.
The Court will issue a restraining order against Mrs. Mann.
We now conclude that this finding was supported by credible evidence in the record and must be affirmed. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 323 A.2d 495 (1974); Roe v. Roe, supra, at 432-33, 601 A.2d 1201 (App.Div. 1992). We reject plaintiff's claim on appeal that the record does not support the judgment on the issue of domestic violence.
*272 We recognized in June, when we first heard this matter, that (1) the remedy imposed, a bar from the home and loss of custody of the children, might well be disproportionate and unduly punitive if imposed on a permanent basis, and (2) a parallel Family Court action (FM-11-1071-93; filed on May 25, 1993 by Charlene Mann) for dissolution of the marriage and resolution of custody and economic issues, was pending, also before Judge Kelly. On July 1, 1993, we entered this order with respect to the requested interim relief:
The motion for a stay pending appeal is denied; the motion briefs are accepted as merits' briefs; these briefs may be supplemented by letter briefs within 30 days; the Clerk is directed to place the matter on the oral argument calendar of Part B at Trenton during the month of September 1993. We relinquish jurisdiction to the Family Part during the pendency of this appeal to the extent that it may desire to modify the outstanding order upon its own motion or the parties' application. R. 2:9-1(a).
Thus, while accelerating the appeal of the domestic violence order on the merits, we allowed the Family Part the latitude to deal effectively with the case pending this appeal of the final domestic violence order. See R. 2:9-1(a).
At oral argument on September 22 we learned that Judge Kelly had conducted an interim motion hearing in the Family Part in the divorce and dissolution action, FM-11-1071-93, on September 16 "upon the application" of both counsel, on both certifications, and oral argument but without taking oral testimony. The September 29 order resulting from that hearing is now before us and states in pertinent part:
1. Plaintiff [Lawrence Mann] shall provide Defendant [Charlene Mann] with a functioning automobile in safe working condition, and which has passed New Jersey inspection, within twenty-one (21) days of September 16, 1993;
2. Plaintiff shall maintain insurance on said vehicle;
3. Plaintiff may use monies from an existing Certificate of Deposit in the approximate amount of $15,000 only to effectuate the repairs on said vehicle and for counsel fees as hereinafter set forth; however, he must account for said expenditures and the issue of assigning credits for the use of said funds for automobile repairs shall be reserved to final hearing;
4. There will be no change in custody at this time as the Court finds no evidence which would require it to change its prior Order;
5. The issue of the visitation is to be immediately worked out between the attorneys with Defendant having liberal and reasonable visitation. The attorneys shall communicate and work out a plan within one (1) week of September 16, 1993;

*273 6. Plaintiff shall pay Defendant pendente lite support in the amount of $200.00 per week through the Mercer County Probation Department retroactive to August 20, 1993;
7. Plaintiff's application to direct Defendant to pay child support is hereby denied;
8. Defendant shall secure employment and she must report to the Mercer County Probation Department and Plaintiff, every two weeks, of her efforts in obtaining said employment. Upon obtaining such employment, Defendant shall notify the Mercer County Probation Department and supply information with respect to her income;
9. Plaintiff shall continue to provide medical and hospitalization insurance coverage for the benefit of Defendant and the parties' children;
* * * * * * * *
The order also provided that, "Plaintiff shall pay to the law firm of Pellettieri, Rabstein & Altman, a pendente lite counsel fee in the amount of $2,500, by no later than October 7, 1993."
No interlocutory appeal is pending from the September 29 order. This September 29 order obviously accommodated the interim economic concerns of the wife, Charlene Mann, reconsidered the custody issue, and contemplated a final hearing on all issues currently in dispute between the parties. Since we do not have the record upon which the September 29 order was based, we will not presume to attempt altering its terms on this appeal.
As noted, we conclude that the domestic violence order of June 22 is amply supported by the evidence and affirm. We find no prejudice to appellant Charlene Mann from the fact that she first was served with her husband's cross-complaint at the time of the June 22 hearing. Each side had full opportunity to present a version of the critical events. There was no contemporaneous claim of prejudice at the June 22 hearing upon service of the cross-complaint or any request for postponement by appellant. Each side was obviously prepared for the hearing and quite familiar with the other's position in this long-simmering family controversy. Our Act contemplates prompt action and quick response in these volatile matters. See N.J.S.A. 2C:25-28. Moreover, the Act presumes an award of temporary custody in favor of the prevailing party in the domestic violence proceeding. N.J.S.A. 2C:25-29(b)(11). Of course in appropriate cases, the domestic *274 violence action may be consolidated under R. 4:38-1, with any other cognate Family Court matter, upon order of the court sua sponte or upon motion of the parties.
The Act also provides that "[u]pon good cause shown, any final order may be dissolved or modified upon application to the Family Part of the Chancery Division of the Superior Court, but only if the judge who dissolves or modifies the order has available a complete record of the hearing or hearings on which the order was based." N.J.S.A. 2C:25-29(d). See Torres v. Lancellotti, 257 N.J. Super. 126, 131, 607 A.2d 1375 (Ch.Div. 1992). Thus, Judge Kelly, or his successor, is free to vacate or modify this domestic violence order at any time during the pendency of the matrimonial dissolution action in the Family Part or thereafter, so long as the record justifies this action.
We affirm the domestic violence order subject of this appeal. Any further application for resolution of the economic, social or domestic violence issues in dispute between the parties is left to the Family Part under its original jurisdiction in the pending action or by appeal from an order of that Part.
NOTES
[1] The names of the parties are fictitious to protect the privacy of the complainants and their children. See N.J.S.A. 2C:25-33; Roe v. Roe, 253 N.J. Super. 418, 601 A.2d 1201 (App.Div. 1992); Pepe v. Pepe, 258 N.J. Super. 157, 165, 609 A.2d 127 (Ch.Div. 1992).