288 N.J. Super. 424 (1995)
672 A.2d 751
TARA CARFAGNO, PLAINTIFF,
v.
KEVIN J. CARFAGNO, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Somerset County.
Decided November 8, 1995.
*430 Jeney & Kingsland, Attorneys for Plaintiff (Robert J. Jeney, Jr., Esq. appearing).
Ferrara, Siberine, Woodford & Rizzo, Attorneys for Defendant (Mary Ann Bauer, Esq. appearing).
DILTS, J.S.C.
The question presented is whether the defendant has shown good cause to dissolve a final restraining order issued pursuant to the Prevention of Domestic Violence Act of 1990 ("the Act").

*431 PROCEDURAL HISTORY

On May 13, 1992, Ms. Carfagno filed a domestic violence complaint against Mr. Carfagno for allegedly harassing her. The harassment consisted of Mr. Carfagno telephoning Ms. Carfagno four times per day, Mr. Carfagno waiting at Ms. Carfagno's home, and Mr. Carfagno taking Ms. Carfagno's automobile without permission. On May 21, 1992, the court found that Mr. Carfagno committed the above alleged acts of domestic violence and entered a final restraining order against Mr. Carfagno. The order restrains Mr. Carfagno from contacting Ms. Carfagno, except to discuss the welfare of the parties' child in Ms. Carfagno's custody.
On September 3, 1992, Mr. Carfagno pled guilty to contempt of the final restraining order for following Ms. Carfagno, while she was driving, and directing harassing communications toward her. Mr. Carfagno received a noncustodial sentence for this conviction.
Mr. Carfagno requested an order against Ms. Carfagno and on September 16, 1992, the court entered a final restraining order against Ms. Carfagno, restraining her from contacting Mr. Carfagno except to discuss matters involving the welfare of the child.
On March 3, 1994, the court found Mr. Carfagno guilty of contempt for the second time for telephoning Ms. Carfagno, on her car telephone, stating that he was following her. For this conviction, the court sentenced Mr. Carfagno to a 30-day custodial term plus one year of probation. Mr. Carfagno appealed this conviction, and the Appellate Division affirmed the judgment of this court.
Presently, Mr. Carfagno has applied to dissolve the final restraining order pursuant to N.J.S.A. 2C:25-29(d). Counsel for both parties submitted briefs and certifications to support their positions. The court heard argument of counsel and testimony from both parties on November 8, 1995.
Mr. Carfagno argues that the court should dissolve the final restraining order because (1) there have been no incidents between the parties since he was found guilty of contempt for the *432 second time; (2) it is in the best interests of the child that the court dissolve the final restraining order; (3) both parties have "inadvertently violated the orders"; (4) Ms. Carfagno does not presently need the order for protection; and (5) Ms. Carfagno is opposing Mr. Carfagno's request in bad faith to prevent him from obtaining full-time employment with the Beach Haven, N.J., Police Department.
Ms. Carfagno argues that the court should deny Mr. Carfagno's request because (1) there have been incidents between the parties since 1993; (2) she continues to fear Mr. Carfagno; (3) there have not been mutual violations of the final restraining orders; and (4) Mr. Carfagno is motivated to dissolve the final restraining order only to obtain full-time employment with the Beach Haven, N.J., Police Department.
At oral argument, counsel for Mr. Carfagno argued that Ms. Carfagno's assertion of fear lacked credibility. Noting that the court cannot decide credibility on the papers alone, the court scheduled a short plenary hearing where both parties offered testimony. See Harrington v. Harrington, 281 N.J. Super. 39, 47, 656 A.2d 456 (App.Div. 1995) (where the parties' certifications present a genuine issue of material fact, the court must hold a plenary hearing).
At the plenary hearing, Mr. Carfagno testified in part that, during telephone conversations with Ms. Carfagno regarding the child, Ms. Carfagno was verbally aggressive to Mr. Carfagno, resulting in arguments. Ms. Carfagno testified in part that the parties argued most of the time during the telephone conversations. Ms. Carfagno admitted that she did call Mr. Carfagno "a jerk" but that she did so because Mr. Carfagno forgot to pick the child up for visitation after school and the child waited at school for over two hours as a result. Ms. Carfagno asserted that she continues to be afraid of Mr. Carfagno because Mr. Carfagno constantly harassed her for a seven month period before the entry of the 1992 final restraining order, because Mr. Carfagno violated the final restraining order twice, because she believes that Mr. *433 Carfagno is still watching and following her, and because Mr. Carfagno has continued to threaten her.

FINDINGS OF FACT
The court finds that Mr. Carfagno has continued to attempt to assert control and power over Ms. Carfagno. Mr. Carfagno has twice recently provoked Ms. Carfagno to argue in regard to the child. The court notes that Mr. Carfagno has been convicted twice for contempt for violating the final restraining order.
The court also finds that Ms. Carfagno continues to be afraid of Mr. Carfagno, both objectively and subjectively. Ms. Carfagno testified that she feared Mr. Carfagno. The court finds Ms. Carfagno's testimony to be credible despite Mr. Carfagno's assertions that she really does not fear him. Moreover, the court finds that Ms. Carfagno's fear of Mr. Carfagno is objectively reasonable because the final restraining order arose from circumstances where Mr. Carfagno was harassing and following Ms. Carfagno and because Mr. Carfagno has violated this order at least two times by harassing and following Ms. Carfagno. The court's finding that Mr. Carfagno continues to attempt to assert power and control over Ms. Carfagno bolsters the court's finding that Ms. Carfagno objectively fears Mr. Carfagno.
The court also finds that Ms. Carfagno has not consented to dissolving the final restraining order. The court further finds that Ms. Carfagno did not provoke Mr. Carfagno to start arguing with her in regard to the child. The court further finds that Ms. Carfagno is not motivated to prevent Mr. Carfagno from obtaining full time employment and has opposed Mr. Carfagno's application in good faith.

CONCLUSIONS OF LAW
Under N.J.S.A. 2C:25-29(d) the court may dissolve or modify a final restraining order "upon good cause shown." Generally, a court may dissolve an injunction where there is a "a change of circumstances [whereby] the continued enforcement of the *434 injunctive process would be inequitable, oppressive, or unjust, or in contravention of the policy of the law." Johnson & Johnson v. Weissbard, 11 N.J. 552, 555, 95 A.2d 403 (1953). For the reasons stated below, the court finds that Mr. Carfagno has failed to show good cause to dissolve the order.
In N.J.S.A. 2C:25-18, the Legislature provided the legislative findings and declarations as related to the Act:
"... It is therefore, the intent of the Legislature to assure the victims of domestic violence the maximum protection from abuse the law can provide . .. Further, it is the responsibility of the courts to protect the victims of violence that occurs in a family or family-like setting by providing access to both emergent and long-term civil and criminal remedies and sanctions, and by ordering those remedies and sanctions that are available to assure the safety of the victims and the public ..."
The Legislature intended to protect the victims  not to punish the person who committed the act of domestic violence. See generally Trans American Trucking Service, Inc. v. Ruane, 273 N.J. Super. 130, 133, 641 A.2d 274 (App.Div. 1994) (purpose of an injunction is to protect injured party and not to punish the offending party).
There are no published decisions regarding the application of N.J.S.A. 2C:25-29(d). Although two published decisions state that reconciliation of the parties acts as a de facto vacation of the restraining order, Mohamed v. Mohamed, 232 N.J. Super. 474, 477, 557 A.2d 696 (App.Div. 1989); Hayes v. Hayes, 251 N.J. Super. 160, 167, 597 A.2d 567 (Ch.Div. 1991), a more recent case has suggested that the court must first make an independent finding that continued protection is unnecessary before vacating a restraining order due to reconciliation. Torres v. Lancellotti, 257 N.J. Super. 126, 128, 607 A.2d 1375 (Ch.Div. 1992). These three cases do not address the factual inquiry that a court must perform when the defendant requests dissolution of a final restraining order in the absence of reconciliation. Therefore, this court concludes that the following offers a framework of legal analysis that may be followed when faced with an application to dissolve a final restraining order under N.J.S.A. 2C:25-29(d).
To accomplish the goal of protecting the victim, courts should consider a number of factors when determining whether *435 good cause has been shown that the final restraining order should be dissolved upon request of the defendant: (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.

FACTORS TO BE CONSIDERED IN DETERMINING WHETHER DEFENDANT HAS ESTABLISHED GOOD CAUSE

1. Consent of Victim to Lift the Order

The first factor is whether the victim consents to dissolve the final restraining order. Where the victim has consented to lifting the restraining order and the court finds that the victim is doing so voluntarily, the court should dissolve the order without further consideration or analysis.
The Legislature intended that the courts should follow the victim's request to dissolve a domestic violence order or dismiss a domestic violence complaint without further legal analysis. When construing a statute, the court must follow the legislative intent, considering the policy underlying the statute. Lesniak v. Budzash, 133 N.J. 1, 8, 626 A.2d 1073 (1993). "A statute is not to be given an arbitrary construction ... but rather one that will advance the sense and meaning fairly deducible from the context." Id. at 14, 626 A.2d 1073.
*436 The policy of the Act is to provide broad protection for the victim. N.J.S.A. 2C:25-18. The court notes that the Legislature provided that a restraining order would be a civil remedy, N.J.S.A. 2C:25-18 (legislative declarations) and that the victim  not the state  files the complaint to obtain the restraining order, N.J.S.A. 2C:25-23 (victims to be notified of their rights to file a civil complaint for a restraining order); N.J.S.A. 2C:25-28(a) (procedures for the victim to file a civil complaint). Thus, when looking at the entire Act, the court concludes that the Legislature intended to provide broad protection to the victim.
If judges disregard the victim's wishes in determining whether to dismiss a complaint or dissolve a restraining order on the victim's request, this has the effect of discouraging victims from filing complaints when necessary. If the victim perceives that the courts would not be responsive to their request to dismiss the action, that victim or other victims may refrain from filing a domestic violence complaint in the future. Certainly, this is not what the Legislature intended. Thus, if the victim voluntarily requests the court to dismiss a domestic violence action or dissolve a restraining order, the court should grant the request without conducting any further legal analysis.
Here, Ms. Carfagno has not consented to dissolving the final restraining order. Thus, this factor points to continuing the restraining order.

2. The Victim's Fear of the Defendant

The Act protects victims from physical harm. Yet, physical safety is not all that the Legislature intended to protect. Recognizing that domestic violence occurs in a relationship where one party asserts power and control over the other, the victim is also protected from mental or emotional harm.
Fear of the defendant is the center of the cycle of power and control existing in domestic violence situations. Restraining orders have the effect of empowering the victim to stand up to the defendant. Thus, fear is important to consider.
*437 Fear of the defendant is especially important when the parties share children. In domestic violence cases involving children, the victim usually has custody of the children. See N.J.S.A. 2C:25-29(b)(11) (presumption that victim shall have custody of the children). It is also presumed that the custodial parent will act in the best interests of the children. Gubernat v. Deremer, 140 N.J. 120, 142, 657 A.2d 856 (1995). However, where the victim has continual fear of the defendant, the defendant's perceived control over the victim may attenuate the victim's ability to act in the best interests of the children. Moreover, fear might attenuate the ability of the victim to act in his or her own best interests. Accordingly, it is important to consider the victim's fear of the defendant.
A question remains whether the court should focus on subjective fear or objective fear. Subjective fear is the fear produced by and within the mind of the victim as the victim understands and communicates it. Objective fear is that fear which a reasonable victim similarly situated would have under the circumstances. The court holds that courts should focus on objective fear. The Legislature intended the courts to consider objective  not subjective  fear. Courts should not construe a statute in a manner that would leave a portion of the statute inoperative. State v. Reynolds, 124 N.J. 559, 564, 592 A.2d 194 (1991). The Legislature provided that final restraining orders may be dissolved upon good cause shown. N.J.S.A. 2C:25-29(d). The Legislature did not state that permission of the victim is required before the court can dissolve a final restraining order. Essentially, if the court were to consider only subjective fear, it would be merely determining whether the victim consented to dissolving the final restraining order without considering other relevant information. This is not what the Legislature intended because this interpretation would render the "good cause shown" language inoperative. Thus, the courts must consider objective fear  not subjective fear.
*438 Moreover, considering merely subjective fear would result in overly broad restraining orders. "The duration of an injunctive order should be no longer than is reasonably required to protect the interest of the injured party." Trans American Trucking Service, Inc. v. Ruane, 273 N.J. Super. at 133, 641 A.2d 274 (emphasis added). The court must balance the parties' individual rights when determining the breadth of the injunctive order. Id. If the courts were to merely focus on subjective fear alone, the scope of the injunction might be broader than is reasonably required to protect the victim and might unduly infringe the rights of the defendant. Thus, when determining whether good cause exists to dissolve a restraining order, the courts must determine whether the victim continues to fear the defendant, and to apply an objective standard for evaluation: would a reasonable victim similarly situated have fear of the defendant under the circumstances.
Here, the court has found that Ms. Carfagno continues to fear Mr. Carfagno and that a reasonable victim similarly situated would fear Mr. Carfagno. The court notes that, with the order in place, Ms. Carfagno was able to criticize Mr. Carfagno when he failed to pick up the child from school for visitation. Mr. Carfagno's failure to pick up the child was inimical to the child's best interests because the child waited at school for two hours before she was picked up. The court finds that, because Ms. Carfagno still objectively fears Mr. Carfagno, absent a final restraining order, she would have a diminished capacity to act in her or the child's best interest. Thus, this factor points to continuing the final restraining order.

3. Nature of the Relationship Between the Parties Today

The third factor is the nature of the relationship between the parties today. Here, the court must look to determine whether the relationship today is one that would allow the defendant to exercise control over the victim. Where the parties do not have children in common and have little other reason to *439 contact each other, it would be more appropriate to dissolve a final restraining order. Where the parties have reason to contact each other, such as where the parties have children in common, it may be less appropriate to dissolve a final restraining order. Other factors for the court's consideration is the relationship of the parties at the time the order was entered. If, for example, there was a dating relationship when the order was entered and two years later when the application is filed, both parties are married to other persons, dissolution may be more appropriate. Certainly, the physical proximity of the parties to each other is another factor bearing upon the relationship. If the parties live in different areas, depending upon other factors present, dissolution may be appropriate.
In all cases, however, when considering the relationship of the parties, the court must determine whether there are indicia of control and domination exercised by the defendant over the victim in the limited amount of contact between the parties permitted under the final restraining order.
Here, the parties have a child in common. Moreover, the court has found that the parties have engaged in arguments in regard to the welfare of the child, which is within the scope of the limited contact permitted under the final restraining order. This leads the court to believe that the order has not been effective in breaking the cycle of control and domination. Thus, this factor leads the court to believe that the final restraining order should be continued.

4. Contempt Convictions

The fourth factor is the number of times that the defendant has been convicted of contempt for violating the final restraining order. The number of violations of the final restraining order gives an indication that the final restraining order is not totally effective in breaking the cycle of power and control exercised by the defendant. Here, Mr. Carfagno was convicted twice for violating the final restraining order. Both convictions involved *440 Mr. Carfagno contacting and harassing Ms. Carfagno. Certainly, these convictions do not show that the cycle of power and control has been broken. Thus, this factor points to continuing the final restraining order.

5. Alcohol and Drug Involvement

The fifth factor is whether the defendant has a continuing involvement with drugs or alcohol. In 1994, 39% of all domestic violence incidents involved drugs or alcohol. Crime in New Jersey: Uniform Crime Report, 1994 at 189, 198. Alcohol alone was involved in 34% of all reported domestic violence cases. Id. Accordingly, drug or alcohol use is highly relevant in determining whether the victim still needs protection. Here, there is no evidence that Mr. Carfagno is involved with drugs or alcohol. Thus, this factor points to dissolving the final restraining order.

6. Other Violent Acts

The sixth factor is whether the defendant has perpetrated violent acts upon the victim or other persons. The defendant's violent nature as evidenced by other violent acts is relevant to whether the victim needs continued protection. See Richard J. Gelles, Ph.D., Regina Lackner, Glenn D. Wolfner, Men Who Batter, Violence Update, August 1994 at 10. ("Perhaps the most important risk marker ... is prior violent or abusive behavior. In the absence of clear or convincing change, past behavior is probably the single most reliable indicator of future behavior, and battering is no exception.") Here, there is no evidence before the court that Mr. Carfagno has engaged in other violent acts. Thus, this factor leads to dissolving the order.

7. Whether Defendant Has Engaged in Domestic Violence Counseling

The seventh factor is whether the defendant has engaged in domestic violence counseling. Counseling may be effective in breaking the cycle of power and control. "Without intervention or *441 some form of change agent, the batterer is likely to continue battering." Id. Here, the defendant has not shown that he has successfully completed domestic violence counseling. Thus, this factor points to continuing the final restraining order.

8. Age/Health of Defendant

The eighth factor is the age and health of the defendant. In some cases of age or infirmity, it might be appropriate to dissolve the final restraining order. Here, the defendant is a physically fit male who is 33 years old. Thus, this factor points to continuing the final restraining order.

9. Good Faith of Victim

The next factor is the good faith of the victim in opposing the defendant's request to dissolve the final restraining order. The court is mindful that sometimes one party to a divorce action abuses the Act to gain advantage in the underlying matrimonial action. See, State v. L.C., 283 N.J. Super. 441, 449, 662 A.2d 577 (App.Div. 1995); Murray v. Murray, 267 N.J. Super. 406, 631 A.2d 984 (App.Div. 1993). Here, the court has found that Ms. Carfagno opposed Mr. Carfagno's request in good faith. Thus, this factor leads to the conclusion that the final restraining order should be continued.

10. Orders Entered by Other Jurisdictions

The final factor is whether the victim is protected from the aggressor by a "a verifiable order of protection from another jurisdiction." Under 18 U.S.C. § 2265(a), a restraining order entered in one state is entitled to full faith and credit by courts of another state. Thus, the fact that a foreign state has entered a restraining order protecting the victim from the aggressor must be known and considered by the court.
Here, the parties have not alleged that a foreign jurisdiction has entered a restraining order to protect Ms. Carfagno from Mr. *442 Carfagno. Thus, this factor points to dissolving the final restraining order.

11. Other Factors Deemed Relevant by the Court

The court also needs to consider any other factors raised by the parties which, based upon the evidence presented, may show that good cause exists to dissolve the restraining order. In this case, the court concludes that there are no other factors which affect the court's judgment.

CONCLUSION
The legislative standard for dissolution is whether the defendant has shown that good cause appears to dissolve or modify the order. The above factors need to be weighed qualitatively, and not quantitatively, to determine whether defendant has met the required burden. In this case, the court concludes that Mr. Carfagno has not shown good cause to dissolve the order, and his motion is denied.