292 N.J. Super. 219 (1996)
678 A.2d 748
C.O., PLAINTIFF,
v.
J.O., DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part Camden County.
March 26, 1996.
*220 Plaintiff, C.O., appeared pro se.
Defendant, J.O., appeared pro se.
Di CAMILLO, J.T.C. (temporarily assigned).
A victim of domestic violence sought to reinstate a dismissed restraining order entered under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -33. The application specified there were no acts of violence since the entry of the dismissal order. A grant of relief, however, might violate the requirement that a new act of violence occur before a dismissed restraining order can be reinstated. Domestic Violence Procedures Manual, September 1994, at 59.
Plaintiff, C.O., filed a domestic violence complaint against defendant, J.O., on January 16, 1996, specifying acts of violence on January 15, 1996. The complaint alleged that the drunken J.O. threatened and assaulted C.O., and prevented her from leaving her home to get help. A temporary restraining order was entered on January 16, 1996, and the final restraining order was entered on January 25, 1996. On February 6, 1996, the judge granted C.O.'s application to dismiss without prejudice the restraining order of January 25, 1996. As a condition of the dismissal, J.O. was required to attend counselling. Upon failure of the condition the parties agreed that the prior restraining order could be reinstated. On March 26, 1996, C.O. sought to have the restraining *221 order reinstated but did not allege that any further acts of violence had occurred. She did, however, express concern about her future safety as the reason for the application to vacate the dismissed restraining order.
J.O. was to undergo counselling to prevent future acts of domestic violence. C.O. sought to prevent threatening, assaultive behavior and any interference with her ability to get help. She was under the impression that the counselling would prevent future acts of violence. J.O. admitted that he did not attend counselling; he did not object to reactivating the restraining order. J.O.'s broken promise compelled C.O. to pursue the reinstatement of the restraining order.
Restraining orders are frequently withdrawn after the restrained party promises to change inappropriate conduct. C.O.'s behavior in withdrawing and then seeking to reinstate the restraining order is consistent with "Battered Woman Syndrome." Our Supreme Court described the "Battered Woman Syndrome" in State v. Kelly, 97 N.J. 178, 478 A.2d 364 (1984). A battered woman's life of violence follows three phases. Phase one and two are marked with different degrees of violent behavior, with violence increasing from phase one to phase two.
Phase three of the battering cycle is characterized by extreme contrition and loving behavior on the part of the battering male. During this period the man will often mix his pleas for forgiveness and protestation of devotion with promises to seek professional help, to stop drinking, and to refrain from further violence. For some couples, this period of relative calm may last as long as several months, but in a battering relationship the affection and contrition of the man will eventually fade and phase one of the cycle will start anew.
[Id. at 193-194, 478 A.2d 364. (citing L. Walker, The Battered Woman, at 65-70 (1979).]
J.O.'s agreement to attend counselling demonstrates the Supreme Court's definition of phase three of the "Battered Woman Syndrome." Before the agreement, C.O. obtained a restraining order based on acts of violence consistent with phase one and two of the "Battered Woman Syndrome." While an expert is required to determine the existence of the "Battered Woman Syndrome," a serious potential exists that C.O. does suffer from the condition. *222 Id. at 209, 478 A.2d 364. Denying relief may allow the described battering cycle to repeat itself.
If the three-phase battering cycle is repeated, the battered woman is less likely to seek assistance from the court or anyone else. Requiring C.O. to wait until additional acts of violence occur may prevent her from seeking relief, since she may come to believe that the battering cycle is normal.
[A woman may] become so demoralized and degraded by the fact that [she] cannot predict or control the violence that [she] sink[s] into a state of psychological paralysis and become[s] unable to take any action at all to improve or alter the situation. There is a tendency in battered women to believe in the omnipotence or strength of their battering husbands and thus to feel that any attempt to resist them is hopeless, L. Walker, supra, at 75.
[Id. at 194, 195, 478 A.2d 364.]
Because of the likelihood that C.O. suffers from the "Battered Woman Syndrome," special considerations arise in weighing whether to reinstate the dismissed restraining order or force C.O. to await a new act of violence.
The Domestic Violence Procedures Manual, provides that
[w]hen a plaintiff seeks to reopen a domestic violence matter that [s]he has withdrawn or asked to have dismissed, and alleges that [s]he was put in fear by the defendant of proceeding with the case, a new complaint should be taken. The original allegations of violence, coupled with the threats of other acts of duress, should be listed on the new complaint. Although the Act, as amended, no longer requires a determination that relief has been requested within a reasonable time, if the court chooses to consider reasonableness as a factor in deciding whether to grant relief, coercion or duress should militate against a finding of untimeliness. [Manual, supra, at 59.]
If plaintiff is in fear of defendant, a new restraining order may be justified. Here, the element of fear is shown by C.O.'s justifiable motivation to vacate the dismissal. A new complaint must be based on new threats or duress, coupled with the original acts of violence. J.O.'s failure to attend counselling is not necessarily a new act of violence. The Manual does not help C.O., since all dismissals are entered, in effect, with prejudice. A conditional dismissal or dismissal without prejudice is not available under the Manual. The question presented is whether a new complaint must be filed, instead of reinstating the original restraining order. *223 The validity of reopening a dismissed restraining order is a question of first impression in this or any other jurisdiction, according to computerized research.
R. 5:7-7 contains the only reference to dismissals in Part V (Rules Governing Practice in the Chancery Division, Family Part) of the Current N.J. Court Rules. That rule cites R. 1:13-7 which provides for a dismissal by the Clerk of the Superior Court for an inactive civil action pending for six months without a required proceeding. If no family court rule applies to a particular situation, R. 5:1-1 provides that the general rules of civil procedure in Part IV apply. R. 4:37-1(b) provides that an action can be dismissed upon terms and conditions the court deems appropriate and that a dismissal is without prejudice unless otherwise specified. If the dismissed restraining order did not specifically provide with or without prejudice, R. 4:37-1(b) would automatically make the dismissal without prejudice.
Here, the judge based the dismissal without prejudice on an agreed condition. J.O. breached the condition when he failed to attend counselling. R. 4:37-1(b) requires the dismissed restraining order be vacated due to the breached condition. See e.g., Mack Auto Imports v. Jaguar Cars, 244 N.J. Super. 254, 581 A.2d 1372 (App.Div. 1990). A provision of the Domestic Violence Act, N.J.S.A. 2C:25-29(d), permits dissolution or modification of a restraining order upon good cause application to the Family Part. See, Carfagno v. Carfagno, 288 N.J. Super. 424, 672 A.2d 751 (Ch.Div. 1996); A.B. v. L.M., 289 N.J. Super. 125, 672 A.2d 1296 (App.Div. 1996). The cause here was C.O.'s application to dismiss the restraining order on the condition J.O. attend counselling. C.O. believed counselling for J.O. would prevent future violence. J.O. did not attend counselling; thus, the condition of the dismissal no longer exists. Good cause exists to reinstate the restraining order. The authority to dissolve or modify a restraining order must include the authority to vacate a conditionally entered dismissal.
*224 The existence of domestic violence coupled with a threat to the victim's safety are necessary for the entry of a restraining order. Peranio v. Peranio, 280 N.J. Super. 47, 654 A.2d 495 (App.Div. 1995); Corrente v. Corrente, 281 N.J. Super. 243, 657 A.2d 440 (App.Div. 1995). Both criteria were met here. C.O. believed that the restraining order would not be necessary if J.O. kept his promise. Prior to the promise, the judge found both domestic violence and a threat to C.O.'s safety. Entry into an agreement did not terminate protection under the Domestic Violence Act. The two criteria for a restraining order still exist. C.O. again becomes a potential victim when J.O. violated his promise to attend counselling. The legislative intent of the Domestic Violence Act is "to assure the victims of domestic violence the maximum protection from abuse the law can provide." N.J.S.A. 2C:25-18. The legislative intent requires the vacation of the dismissal, since J.O. breached a condition of the order. Once the promise is broken, the need for the domestic violence restraining order is resurrected. C.O. should not wait for future acts of violence. She is entitled to the "maximum protection from abuse the law can provide." Ibid.
The Appellate Division has held that despite a dismissed restraining order, custody, visitation and support issues remain open beyond the date of the dismissal. E.K. v. G.K., 241 N.J. Super. 567, 571, 575 A.2d 883 (App.Div. 1990). There, jurisdiction was extended twenty days by the court's equitable power to provide the maximum protection despite the dismissal of the action. Here, jurisdiction is extended less than two months to provide the maximum protection the law can provide.
Reconciliation of parties separated by a domestic violence restraining order acts as a de facto removal of a restraining order. A.B. v. L.M., supra; Mohamed v. Mohamed, 232 N.J. Super. 474, 557 A.2d 696 (App.Div. 1989); Hayes v. Hayes, 251 N.J. Super. 160, 597 A.2d 567 (Ch.Div. 1991); Torres v. Lancellotti, 257 N.J. Super. 126, 607 A.2d 1375 (Ch.Div. 1992). There is no longer a need for protection when there is a true reconciliation. Torres, supra, 257 *225 N.J. Super. at 131, 607 A.2d 1375. The reconciliation here has failed. Whether there was a de facto dismissal or a conditional dismissal, J.O.'s failure to satisfy the agreement entitles C.O. to a vacation of the dismissal.
Under these circumstances, the court vacates the dismissal order and reinstates the restraining order.