**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1193-18T3

A.L.

     Plaintiff-Respondent,

v.

N.L.,

     Defendant-Appellant.

_____

Argued telephonically May 4, 2020 –
Decided July 16, 2020

Before Judges Vernoia and Susswein.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-0841-03.

Brian J. Neary argued the cause for appellant (Law Offices of Brian J. Neary, attorneys; Brian J. Neary, of counsel; Jane M. Personette, on the brief).

John S. Furlong argued the cause for respondent (Furlong & Krasny, attorneys; John S. Furlong, on the brief).

PER CURIAM

Defendant, N.L.,[1] appeals from a Family Part order denying his request to vacate a domestic violence final restraining order (FRO) that was entered against him in October 2000.[2] His former wife, plaintiff, A.L., opposed the application. Family Part Judge Angela White Dalton convened a plenary hearing at which both parties testified. Judge Dalton thereafter denied defendant's application, finding that the hardships he claimed do not constitute good cause to vacate the FRO.[3] After reviewing the record and the arguments of counsel in light of the applicable legal principles, we affirm substantially for the reasons set forth in Judge Dalton's thorough and cogent eighteen-page letter opinion.

---

[1] We use initials to protect the identities of both parties. R. 1:38-3(d)(9).

[2] The record shows that midway through the FRO plenary hearing in 2000, N.L. and A.L. agreed to the entry of mutual restraining orders. Defendant contends the FRO was improperly entered against him because the trial judge failed to take a factual basis on the record to support a finding that defendant had committed a predicate act of domestic violence. We note that defendant has previously sought to vacate the FRO on that ground. In 2001, the Family Part addressed and denied his claim that the FRO against him was invalid for lack of a factual basis. Defendant did not appeal that ruling. In these circumstances, we decline to revisit his claim that the 2000 FRO was improperly entered.

[3] Judge Dalton explained that defendant asserts the FRO has negatively impacted his business as a forensic accountant. He seeks to dissolve the FRO "to avoid a tarnished image associated with his business, and to hand off an unblemished business reputation to his sons."

A-1193-18T3

We presume the parties are familiar with their long history of domestic violence and bitter divorce litigation. That history is summarized in Judge Dalton's opinion and need not be repeated in this opinion.

N.J.S.A. 2C:25-29(d) provides that a final order under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, may be dissolved or modified "[u]pon good cause shown." Judge Dalton concluded that defendant failed to meet this standard. In reaching her decision, Judge Dalton relied heavily on A.L.'s plenary hearing testimony concerning the parties' domestic violence history, including defendant's repeated threats to kill plaintiff. The judge found plaintiff had an objective basis to continue to be fearful of defendant in view of the nature of the prior domestic violence history, defendant's more recent history with his fiancé, who obtained a temporary restraining order against defendant when they broke up,[4] and defendant's recent appearance at a club close to plaintiff's home while she was present.

The gravamen of defendant's argument on appeal is that Judge Dalton erred in making credibility determinations. We decline to second-guess the factual findings of the Family Part judge, who had an opportunity to view the

---

[4] Judge Dalton acknowledged in her opinion that the TRO was dismissed. Defendant testified that a consent order for civil restraints was entered.

 A-1193-18T3

parties' testimony firsthand. As a general matter, findings by a Family Part judge are "binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). The Family Part has special jurisdiction and expertise in these matters. Cesare, 154 N.J. at 413. Accordingly, an appellate court should not disturb the trial court's factfinding unless the court is "convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Id. at 412 (quoting Rova Farms Resort, Inc., 65 N.J. at 484).

Furthermore, Judge Dalton carefully analyzed and made specific findings with respect to all of the factors enumerated in Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995), including defendant's age (sixty-six). Defendant contends the court failed to apply an objective standard to the factor that defendant continues to fear defendant. That contention is belied by the record. Judge Dalton in her written opinion explicitly recognized that "[c]ourts should focus on objective fear." The judge found that in this instance, "plaintiff continues to fear the defendant, the fear is that an objective person would feel if exposed to the prior history in this case."

4

The court determined that plaintiff's fear was objectively reasonable notwithstanding the passage of time since the parties' last interaction and notwithstanding that defendant does not live close by. Judge Dalton concluded her opinion with the observation that, "[t]he children may be grown, and the parties no longer entangled in bitter litigation, but there remains enough discord that the plaintiff is entitled to continued protection because it is not outweighed by defendant's offered reasons."

The trial court's findings are supported by substantial credible evidence. Cesare, 154 N.J. at 412 (citing Rova Farms Resort, Inc., 65 N.J. at 484). We therefore conclude that defendant has failed to establish good cause to dissolve the FRO. To the extent that we have not addressed them, defendant's other arguments lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1193-18T3