# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3734-18T1
                     A-4025-18T1

S.K.,

       Plaintiff-Respondent,

v.

S.G.,

       Defendant-Appellant.

_____

S.K.,

       Plaintiff-Appellant,

v.

S.G.,

       Defendant-Respondent.

_____

       Argued March 4, 2020 – Decided July 28, 2020

       Before Judges Alvarez and DeAlmeida.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket Nos. FM-02-1263-16 and FV-02-1033-18.

Jeffrey M. Advokat argued the cause for appellant in A-3734-18 and respondent in A-4025-18 (Advokat & Rosenberg, attorneys; Jeffrey M. Advokat, on the briefs).

Steven M. Resnick argued the cause for respondent in A-3734-18 and appellant in A-4025-18 (Ziegler, Zemsky & Resnick, attorneys; Steven M. Resnick, of counsel and on the briefs; Jonathan H. Blonstein, on the briefs).

PER CURIAM

In A-3734-18, defendant S.G.[1] appeals from the paragraphs of an April 5, 2019 order of the Family Part: (1) denying his motion to vacate a May 18, 2018 amended final restraining order (FRO) entered against him pursuant to the Prevention of Domestic Violence Act (the Act), N.J.S.A. 2C:25-17 to -35, or to modify the amended FRO to increase his parenting time; (2) denying his motion for reconsideration of a provision of the amended FRO awarding counsel fees against him; and (3) awarding additional counsel fees against him. We affirm the April 5, 2019 order, with the exception of paragraph 10 of the order, which awards additional counsel fees against defendant. We vacate that paragraph of

---

[1] We identify the parties by initials to protect the identity of the victim of domestic violence. R. 1:38-3(d)(9).

the order and remand for further proceedings to determine the appropriate amount of counsel fees to be awarded against defendant.

In A-4025-18, plaintiff S.K. appeals from the provision of April 26, 2019 amended FRO requiring the parties to communicate through the "Our Family Wizard" computer application regarding the health, welfare, and well-being of their child. We vacate the provision of the April 26, 2019 amended FRO under appeal and remand for entry of an amended FRO restoring the provision barring defendant from engaging in any form of contact with plaintiff.

I.

The following facts are derived from the record. The parties were married and have one minor child. On June 30, 2016, the trial court entered a partial judgment fixing custody and parenting time in the parties' then-pending matrimonial action. The partial judgment awarded the parties joint custody with plaintiff designated as the parent of primary residence.

While the matrimonial action was pending, plaintiff filed a domestic violence complaint seeking entry of an FRO against defendant. After entry of a temporary restraining order (TRO) and an amended TRO, the parties executed a civil restraints consent order, which was entered in the matrimonial action dismissing the two TROs. The consent order provides each party is "mutually

A-3734-18T1

enjoined and restrained from harassing the other or having any personal contact, except via respectful, non-harassing email and/or text communications regarding their son . . . ." The consent order also required defendant to have supervised visitation with the child in the presence of a member of plaintiff's family.

After entry of a judgment of divorce in the matrimonial action, plaintiff filed a domestic violence complaint seeking entry of an FRO against defendant. Plaintiff alleged defendant violated the civil restraints consent order and acted abusively when transferring the child at her mother's home. The complaint alleges a history of abusive and controlling behavior by defendant.

After a hearing, the court found plaintiff had proven defendant committed the predicate act of harassment, N.J.S.A. 2C:33-4, and that she was in need of protection from future abuse by defendant. In addition, the court concluded the child was a party in need of protection from defendant. On December 12, 2017, the court entered an FRO, restraining defendant from all contact with plaintiff and the child, granting plaintiff sole custody of the child, suspending defendant's parenting time pending the outcome of an investigation by the Division of Child Protection and Permanency (DCPP), and ordering defendant to undergo a psychological evaluation. The December 12, 2017 FRO prohibits defendant

from having any form of contact with plaintiff or the child. There is no provision in the FRO requiring the parties to exchange information about the child through the Our Family Wizard computer application.

On February 22, 2018, defendant moved to modify the December 12, 2017 FRO and reinstate his parenting time. On March 23, 2018, the trial court denied defendant's motion without prejudice, concluding it was premature due to the pending DCPP investigation and defendant's failure to complete the previously ordered psychiatric evaluation.

On April 19, 2018, defendant again moved to modify the December 12, 2017 FRO to increase his parenting time. Plaintiff opposed the motion and cross-moved to require defendant to undergo a psychiatric evaluation.

On May 18, 2018, the trial court granted defendant's motion in part, entered an amended FRO removing the child as a protected party, keeping sole custody with plaintiff, and arranging for supervised parenting time between defendant and the child through the Bergen County Family Center. The May 18, 2018 amended FRO prohibits defendant from having any form of contact with plaintiff and does not include a provision directing the parties to communicate through the Our Family Wizard computer application.

On November 1, 2018, defendant moved to amend the May 18, 2018 amended FRO to obtain joint custody of the child, increase his parenting time, reinstate the parenting time schedule outlined in the consent order entered in the matrimonial action, and for access to the child's medical and school records. Defendant also filed a motion in the matrimonial action seeking to change custody and visitation, and to enforce litigant's rights. On November 13, 2018, defendant filed an additional motion for dismissal or modification of the May 18, 2018 amended FRO. Plaintiff opposed defendant's motions and cross-moved for the award of counsel fees.

On December 6, 2018, the trial court denied defendant's motion and granted plaintiff's cross-motion. The court continued sole custody of the child with plaintiff pursuant to the May 18, 2018 amended FRO, and ordered defendant to continue supervised visitation with the child, to comply with the prior orders to undergo a psychiatric evaluation, and to provide the results of the psychiatric evaluation to the court by January 10, 2019. In addition, the court awarded plaintiff $14,461.50 in counsel fees.

On January 4, 2019, defendant moved to vacate or modify the May 18, 2018 amended FRO, seeking an increase in parenting time, relaxation of the amended FRO, and reconsideration of the December 6, 2018 counsel fee award.

Plaintiff opposed the motion and cross-moved for an order holding defendant in contempt for violating the May 18, 2018 amended FRO, directing him to undergo the previously ordered psychiatric evaluation, and for counsel fees. It is the resolution of these motions that is before us.

On April 5, 2019, the trial court denied defendant's motion. As a threshold matter, the court concluded that the motion was procedurally deficient because it did not demonstrate defendant had complied with previously ordered counseling and a psychiatric evaluation and did not provide a complete record of the prior proceedings.

For the sake of completeness, the trial court also considered the merits of defendant's motion. The court concluded defendant failed to meet the criteria for vacating the May 18, 2018 amended FRO. In reaching this conclusion, the court considered that: (1) plaintiff had not consented to the lifting of the amended FRO; (2) plaintiff still feared defendant, as evidenced by her certification and demeanor during the hearing on the motion; (3) the nature of the parties' relationship, including their continued co-parenting of a child; (4) the lack of evidence defendant completed previously ordered counseling and a psychiatric evaluation; and (5) plaintiff acted in good faith in opposing defendant's motion.

In addition, the court held that defendant had not demonstrated that an increase in his parenting time was warranted. As the court explained, the "parenting time is governed by the amended [FRO]. Until such time as [defendant] has provided sufficient evidence, based upon the psychiatric evaluation, that he poses no danger to the child, supervised visitation will continue, and the [FRO] will remain in effect."

After making these findings, the court stated that "if [defendant] has any questions about the academic well-being of the child[,] that's what Family Wizard is for. He can communicate through Our Family Wizard regarding the health and well-being, and the academic life of the child." The record contains no evidence explaining the Our Family Wizard application, whether it allows direct communication between the parties, if communications are moderated, or the potential for a party to use the application as a vehicle for harassment.

With respect to reconsideration of the December 6, 2018 counsel fees award, the court denied defendant's motion as procedurally barred and substantively deficient. The court granted plaintiff's cross-motion to enforce litigant's rights and entered judgment against defendant in the amount of $14,461.50 for the prior award of counsel fees. The court denied plaintiff's

motion to hold defendant in contempt. Finally, the court awarded plaintiff additional counsel fees of $8,900.

On April 5, 2019, the trial court entered an order in the parties' matrimonial action and an amended FRO in the domestic violence action memorializing its decisions. The amended FRO includes a provision stating "THE PARTIES SHALL CONTINUE TO UTILIZE[] OUR FAMILY WIZARD TO COMMUNICATE REGARDING THE HEALTH, WELFARE, AND WELL-BEING OF THEIR MINOR CHILD AS PREVIOUSLY ORDERED." (emphasis added).

Plaintiff's counsel thereafter informed the court that use of the Our Family Wizard application had not previously been ordered by the court and that the provision in the April 5, 2019 amended FRO directing the parties to use the Our Family Wizard application constituted an amendment of the May 18, 2018 amended FRO, despite the denial of defendant's motion. Counsel informed the court that defendant had not requested it to direct the parties to use the Our Family Wizard application, and that plaintiff objected to having any contact with defendant through the application because she remained fearful of him, and because he had not complied with orders to undergo a psychiatric evaluation.

On April 26, 2019, the court, without holding a hearing and without argument from either party, <u>sua sponte</u> entered an amended FRO. The April 26, 2019 FRO provides:

> (CORRECTED ORDER PROVISION) PURSUANT TO THE ORDER OF THE COURT ENTERED ON 4/5/19[,] THE PARTIES SHALL UTILIZE OUR FAMILY WIZARD AS THEIR MODE OF COMMUNICATION REGARDING THE HEALTH, WELFARE, EDUCATION, AND WELL-BEING OF THEIR MINOR CHILD . . . . ALL OTHER PROVISIONS OF THE PRIOR ORDER(S) REMAIN IN FULL FORCE AND EFFECT.

The April 26, 2019 amended FRO also provides:

> THE DEFENDANT WAS NOT PRESENT AT THE TIME THE FRO/AFRO WAS ISSUED ON 04/26/2019. THE FRO/AFRO WAS ISSUED BY DEFAULT. THIS CORRECTED ORDER SHALL BE FAXED TO THE PARTIES' COUNSEL AS PARTIES NOR COUNSEL WERE PRESENT WHEN THIS ORDER WAS ENTERED.

The meaning of this provision is not clear, as there is no evidence in the record that the April 26, 2019 amended FRO was entered against defendant by default. To the contrary, the order was entered over the express objections of plaintiff, and the court afforded neither party the opportunity to respond prior to entry of the April 26, 2019 amended FRO.

These appeals followed. Defendant raises the following arguments:

10

POINT I

THERE IS NO RATIONALE FOR REFUSING TO INCREASE PARENTING TIME FOR THE FATHER.

POINT II

APPELLANT'S REQUEST TO RELAX THE FRO WAS PROCEDURALLY AND FACTUALLY SATISFIED AND SHOULD BE GRANTED.

POINT III

THE ISSUE OF COUNSEL FEES SHOULD BE REVERSED.

Plaintiff raises the following arguments:

POINT I

THE AMENDED [FROs] OF APRIL 5, 2019 AND APRIL 26, 2019 VIOLATED THE PLAINTIFF'S DUE PROCESS RIGHTS.

POINT II

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADHERE TO THE "LAW OF THE CASE," BY MANDATING DEFENDANT TO CONTACT PLAINTIFF THROUGH FAMILY WIZARD IN CONTRAVENTION OF THE PRIOR COURT ORDERS FOLLOWING THE FINAL RESTRAINING ORDER HEARING.

POINT III

THE TRIAL COURT ERRED BY INFRINGING UPON PLAINTIFF'S DECISION-MAKING

11

AUTHORITY AS A SOLE LEGAL AND RESIDENTIAL CUSTODIAN OF THE CHILD.

POINT IV

THE TRIAL COURT ERRED BY FORCING A VICTIM OF DOMESTIC VIOLENCE TO COMMUNICATE DIRECTLY WITH HER ABUSER.

POINT V

IN THE ALTERNATIVE, THE TRIAL COURT ERRED BY MODIFYING A [FRO] AS TO CONTACT WITHOUT CONDUCTING A CARFAGNO ANALYSIS.

POINT VI

IN THE ALTERNATIVE, IF THE COURT FINDS THERE WAS ADEQUATE NOTICE TO [S.K.], THE TRIAL COURT ERRED BY MODIFYING THE EXISTING [FROs] TOUCHING UPON ISSUES OF THE CHILD WITHOUT DEFENDANT SHOWING ANY CHANGED CIRCUMSTANCES.

POINT VII

IN THE FINAL ALTERNATIVE, IF THE COURT DOES NOT FIND ERROR AS TO THE OTHER ARGUMENTS BY THE APPELLANT, THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY MAKING INCORRECT AND INSUFFICIENT FINDINGS OF FACT WHEN IT MODIFIED THE [FRO].

The appeals are consolidated for purposes of this opinion.

II.

Because of the special jurisdiction and expertise of the judges in the Family Part "we defer to [their] factual determinations if they are supported by adequate, substantial, and credible evidence in the record." Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012) (citing Cesare v. Cesare, 154 N.J. 394, 413 (1998)). These findings will be disturbed only upon a showing that they are "so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Platt v. Platt, 384 N.J. Super. 418, 425 (App. Div. 2006) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974)).

We will not disturb the Family Part's equitable selection of remedies as long as they are made with a rational explanation consistent with the law and with the evidence. Milne, 428 N.J. Super. at 197-98 (applying an abuse of discretion standard in reviewing a remedy imposed to enforce an order); see also P.T. v. M.S., 325 N.J. Super. 193, 219-20 (App. Div. 1999). Legal decisions of the Family Part, however, are subject to plenary review. N.J. Div. of Youth and Family Servs. v. R.M., 411 N.J. Super. 467, 474 (App. Div. 2010).

III.

According to N.J.S.A. 2C:25-29(d), which is applicable to domestic violence matters,

> [u]pon good cause shown, any final order may be dissolved or modified upon application to the Family Part . . . but only if the judge who dissolves or modifies the order is the same judge who entered the order, or has available a complete record of the hearing or hearings on which the order was based.

Here, the judge to whom defendant's motion was assigned was not the same judge who entered the May 18, 2018 amended FRO or the original FRO. It was, therefore, incumbent on defendant to provide the complete record on which the May 18, 2018 FRO and original FRO were entered.

The trial court found as follows:

> I've considered the paper submitted by the [d]efendant in this case, and the submissions did not include the complete record of the [FRO], as well as the amended [FRO.] These submissions did not include a certification from Alternatives to Domestic Violence [(ADV)] Counseling, nor did it include a report from Dr. B[.] opining regarding the psychiatric evaluation which would meet the standards under New Jersey Rule of Evidence 703.
>
> So as required by N.J.S.A. 2C[:]25-29(b)(5)[,] the court is unable to determine whether the defendant has attended and completed the ADV counseling, as well as a full psychiatric assessment. In the absence of such

14

> documentation, in compliance with the rule, the motion
> must be denied as being procedurally deficient.

We agree with the trial court's conclusion that defendant failed to satisfy the requirements of N.J.S.A. 2C:25-29(d).  Because of defendant's insufficient submission, the trial court did not have before it the full record of the acts of defendant that the judge who issued the original December 12, 2017 FRO determined to constitute domestic violence or the record on which the court entered the May 18, 2018 amended FRO.  Plaintiff points out that among the items not submitted by defendant with his motion were copies of emails he sent to plaintiff with her last name modified to a crude slur referring to female genitalia, evidence on which the original trial court relied when issuing the first FRO.  In addition, plaintiff did not submit evidence of his satisfaction of two provisions of the May 18, 2018 amended FRO.  These were sufficient grounds on which to deny defendant's motion.

## IV.

The trial court, however, considered the merits of defendant's motion. "Generally, a court may dissolve an injunction where there is 'a change in circumstances [whereby] the continued enforcement of the injunctive process would be inequitable, oppressive, or unjust, or in contravention of the police of the law." Carfagno v. Carfagno, 288 N.J. Super. 424, 433-34 (Ch. Div. 1995)

15

(alteration in original) (quoting Johnson & Johnson v. Weissbard, 11 N.J. 552, 555 (1953)). "Only where the movant demonstrates substantial changes in the circumstances that existed at the time of the final hearing should the court entertain the application for dismissal." Kanaszka v. Kunen, 313 N.J. Super. 600, 608 (App. Div. 1998). In considering whether to dissolve a final restraining order, courts consider the following factors:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.
>
> [Carfagno, 288 N.J. Super. at 435.]

In addition, when granting an FRO, the court may issue an order "awarding temporary custody of a minor child." N.J.S.A. 2C:25-29(b)(11). Such an order involves the court presuming "that the best interests of the child are served by an award of custody to the non-abusive parent." Ibid. "[A]ny

16

subsequent change in custody requires a prima facie showing of 'a change in circumstances warranting revision of custody or parenting time in the best interests of the child . . . .'" R.K. v. F.K., 437 N.J. Super. 58, 66 (App. Div. 2014) (quoting N.J.S.A. 9:2-4).

Having carefully reviewed the record in light of these legal principles, we affirm the April 5, 2019 order denying defendant's motion to vacate or modify the custody and parenting provisions of the May 18, 2018 amended FRO. The trial court considered the Carfagno factors, made findings supported by the record, and reached the sound conclusion that defendant had not demonstrated a change in circumstances that warranted vacating or modifying the custody or parenting provisions of the May 18, 2018 amended FRO.

V.

"Under our practice, the award of counsel fees and costs in a matrimonial action rests in the discretion of the court." Williams v. Williams, 59 N.J. 229, 233 (1971).

> In determining the amount of the fee award, the court should consider . . . , the following factors: (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously

17

awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

Because defendant did not move for reconsideration of the award of counsel fees in the December 6, 2018 amended FRO in a timely fashion, the court considered his application to vacate the award of counsel fees under Rule 4:50-1(f). An application to set aside an order pursuant to Rule 4:50-1(f) is addressed to the motion judge's sound discretion, which should be guided by equitable principles. Hous. Auth. v. Little, 135 N.J. 274, 283 (1994). To be awarded relief under Rule 4:50-1(f), "[t]he movant must demonstrate the circumstances are exceptional and enforcement of the judgment or order would be unjust, oppressive or inequitable." Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999) (citation omitted).

A trial court's determination under Rule 4:50-1 is entitled to substantial deference and will not be reversed in the absence of a clear abuse of discretion. US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). To warrant reversal of the court's order, a party must show that the decision was "made without a rational explanation, inexplicably departed from established policies,

or rested on an impermissible basis." Ibid. (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007) (internal quotations omitted)).

We agree with the trial court's conclusion that defendant failed to establish that it would be inequitable not to vacate the December 6, 2018 award of counsel fees. Although he argues that he does not have the financial ability to pay the counsel fee award, he does not explain why that argument was not presented to the trial court prior to entry of the December 6, 2018 amended FRO. Nor did he produce any evidence establishing an inability to pay or that his financial circumstances have changed since the court issued the December 6, 2018 amended FRO to such an extent that equitable relief is warranted.

VI.

We are constrained, however, to reach a different result with respect to the award of $8,900 in counsel fees in the April 5, 2019 order. While we see no basis to reverse the trial court's determination that a counsel fee award was justified, given defendant's procedurally and substantively deficient motion, we conclude the trial court mistakenly exercised its discretion in setting the amount of the award. The court's oral opinion does not address the factors set forth in Rule 5:3-5(c). It appears instead that the trial court, presented with a fee

application for approximately $16,000, merely selected a smaller amount it determined to be reasonable without explaining how it reached that decision.

We therefore vacate the provision of the April 5, 2019 order awarding $8,900 in counsel fees to plaintiff. On remand, the trial court shall apply the factors set forth in Rule 5:3-5(c) and determine anew the amount of the counsel fee award. We offer no view with respect to the amount that would be appropriate.

## VII.

We turn to plaintiff's appeal. She challenges, on several grounds, the provision of the April 26, 2019 amended FRO requiring the parties to communicate through the Our Family Wizard computer application. As noted above, the record contains no evidence explaining the application or how it is used. The state of the record reflects the fact defendant's moving papers did not request modification of the provision of the May 18, 2018 amended FRO prohibiting him from engaging in any form of contact with plaintiff. The concept of modifying the May 18, 2018 amended FRO to allow contact through a computer application was not, therefore, addressed in plaintiff's brief filed in opposition to defendant's motion. At the hearing on defendant's motion, neither party submitted evidence with respect to Our Family Wizard or any modification

20

of the provision of the May 18, 2018 amended FRO prohibiting defendant from contacting plaintiff.

The Our Family Wizard application is mentioned for the first time at the hearing when the court expressed its mistaken belief that it previously ordered the parties to communicate through the application. This misunderstanding of the record is reflected in the April 5, 2019 amended FRO, which orders the parties to "continue" using the application "as previously ordered." When plaintiff alerted the court to this error and expressed her objection to using the application because she feared defendant, the court <u>sua sponte</u> amended the FRO to delete reference to the court having previously ordered use of the application, but did not remove the provision ordering the parties to communicate through the application.

Procedural due process connotes "the fundamental notion that litigants are entitled to notice and a meaningful opportunity to be heard." <u>Div. of Youth and Family Servs. v. R.D.</u>, 207 N.J. 88, 119 (2011). "[C]onsideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481 (1972) (Douglas, J., dissenting)

(quoting Cafeteria Rest. Workers Union v. McElroy, 367 U.S. 886, 895 (1961)). Plaintiff was not given a meaningful opportunity to develop a record of her objection to being compelled to use of the Our Family Wizard application to communicate with defendant. See Beck v. Beck, 86 N.J. 480, 489 n.4 (1981) ("[W]hen a trial court determines to provide a remedy that exceeds or substantially differs from the relief requested in the pleadings, a more advisable course of action would be to notify the parties regarding any new issues raised thereby and to provide an opportunity for the parties to address those issues before a decision is rendered.") Defendant's potential to abuse the Our Family Wizard application, in light of his prior manipulation of plaintiff's name in email communications to a vulgarity, should have been explored by the court.

Additionally, the trial court changed a material provision of the May 18, 2018 amended FRO without making a finding that defendant had demonstrated good cause for such a change, N.J.S.A. 2C:25-29(d), and without consideration of the factors established in Carfagno, 288 N.J. Super. at 434-35. It was error to modify the May 18, 2018 amended FRO to order the parties to use the Our Family Wizard application without undertaking these analyses.

In A-3734-18, the April 5, 2019 order is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. In A-4025-

18, the provision of the April 26, 2019 amended FRO directing the parties to communicate using the Our Family Wizard application is vacated and the matter is remanded for entry of an amended FRO consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3734-18T1