**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5062-14T3

D.P.,

    Plaintiff-Respondent,

v.

E.P.,

    Defendant-Appellant.

_____

Submitted May 8, 2017 — Decided  May 24, 2017

Before Judges Nugent and Currier.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FV-16-1797-96.

E.P., appellant pro se.

Respondent has not filed a brief.

PER CURIAM

Defendant E.P. appeals from a March 28, 2015 amended final restraining order (FRO) entered in favor of plaintiff D.P. pursuant to the Prevention of Domestic Violence Act of 1991 (PDVA), N.J.S.A.

2C:25-17 to -35.   The court entered the order after it denied defendant's motion to dismiss a 1996 FRO.   We affirm.

We derive the following facts and procedural history from the record.   In March 1996, a Family Part judge entered mutual FROs against the parties based on their history of domestic violence. On March 11, 1998, the parties were divorced.   Nearly seventeen years later, on February 20, 2015, defendant filed a motion to dismiss the FRO against her.   In support of her motion, defendant certified she had abided by the FRO for nineteen years, and the FRO prevents her from seeking employment in the bail bonds business because the order prohibits her from possessing a firearm.   On March 30, 2015, plaintiff opposed defendant's motion and certified plaintiff continues to put him in fear of his life.   On May 21, 2015, defendant filed a reply.

At the May 28, 2015 hearing on her motion to dismiss the FRO, defendant argued the FRO prevents her from establishing a relationship with her grandchild and from working in the bail bonds business because she is unable to register for a firearms license.   In response, plaintiff testified he is not involved in defendant's relationship with their grandchild, is still fearful of her, and believes she would use a firearm to cause him and his wife harm.

Judge Esther Suarez denied defendant's request to dismiss the FRO at the conclusion of the hearing. She determined, based on the "very very strong and very very angry" tenor of the papers submitted to the court, that defendant remains hostile towards plaintiff. She noted defendant failed to prove plaintiff interferes with her relationship with her grandchild. The judge deemed defendant's inability to obtain a firearms license to enter the bail bonds business insufficient to vacate the FRO. The judge also found plaintiff's fears of defendant credible and concluded she would not vacate the FRO because "each party still harbors a lot of anger and resentment towards the other." Judge Suarez entered an amended FRO against defendant.

Defendant moved for reconsideration and for other relief not relevant to the issues on appeal. The court denied the motion. After further motion practice in the Appellate Division, defendant perfected her appeal.

On appeal, defendant raises the following arguments:

POINT I

[THE] LOWER COURT'S DECISION DENYING THE DISMISSAL OF THE [FRO] AGAINST THE APPELLANT MUST BE REVERSED SINCE THE RESPONDENT FAILED TO PRESENT ANY OBJECTIVE EVIDENCE OF A REASONABLE FEAR OF THE APPELLANT.

A-5062-14T3

POINT II

[THE] LOWER COURT'S DECISION MUST BE REVERSED BECAUSE THE TRIAL COURT JUDGE FAILED TO CONSIDER APPELLANT'S OBJECTIVE EVIDENCE THAT CLEARLY DEMONSTRATES RESPONDENT'S MALICE AND BAD FAITH IN HIS REFUSAL TO DISMISS THE FRO AGAINST THE APPELLANT.

We review the order at issue under well-established principles. A trial judge's fact-finding is "binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 411-12 (1998) (citation omitted). We accord deference to a family court's fact-finding because family courts possess "special jurisdiction and expertise in family matters[.]" Id. at 413. "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility'" because a trial judge has the opportunity to see and hear the witnesses and develop a "feel of the case[.]" Id. at 412; N.J. Div. of Youth & Family Servs. v. G.M., 198 N.J. 382, 396 (2009). In contrast, a trial judge's legal decisions are subject to plenary review. Crespo v. Crespo, 395 N.J. Super. 190, 194 (App. Div. 2007) (citation omitted).

When determining whether to dismiss a FRO, "the motion judge must consider whether the moving party has established 'good cause' to dissolve the restraints." Kanaszka v. Kunen, 313 N.J. Super. 600, 607 (App. Div. 1998). The judge should consider:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.
>
> [Carfagno v. Carfagno, 288 N.J. Super. 424, 435 (Ch. Div. 1995).]

"[T]he previous history of domestic violence between the parties must be fully explored and considered to understand the totality of the circumstances of the relationship and to fully evaluate the reasonableness of the victim's continued fear of the perpetrator." Kanaszka, supra, 313 N.J. Super. at 607. Upon a later application for the dismissal of an FRO, "inquiry into the history of the relationship and prior acts of domestic violence become important" considerations when evaluating "the necessity for continued protection." Id. at 608.

Here, Judge Suarez properly considered the factors enumerated in Carfagno and determined a great deal of animosity still exists between defendant and plaintiff such that plaintiff remains

fearful of both defendant and the actions she might take if the court lifted the FRO. The judge found unavailing the reasons enumerated by defendant in support of her motion to dismiss the FRO. Judge Suarez's findings are amply supported by the record and her conclusions are sound. Given our deferential standard of review, there is no basis for questioning the judge's decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5062-14T3