# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1237-17T1

C.G.,

     Plaintiff-Respondent,

v.

K.Z.,

     Defendant-Appellant.

_____

     Submitted September 27, 2018 – Decided  October 23, 2018

     Before Judges O'Connor and Whipple.

     On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FV-14-0810-15.

     Elizabeth H. Smith, attorney for appellant.

     C.G., respondent pro se.

PER CURIAM

Defendant appeals from an October 5, 2017 order denying his motion to dissolve a final restraining order entered against him on April 9, 2015. We affirm.

We discern the following facts from the record. The parties began dating after meeting at plaintiff's place of work. Plaintiff moved into defendant's house in 2013 and their relationship deteriorated soon after, prompting plaintiff to move out and end the relationship in 2014. Defendant was persistent and appeared at plaintiff's gym, entered her car, left her unwanted messages and otherwise engaged in a course conduct subsequently found by a Family Part judge to be alarming. On April 9, 2015, the court entered a final restraining order (FRO) against defendant after finding defendant's actions constituted harassment. The FRO prohibited defendant from having contact with plaintiff, certain family members and her co-workers, and barred him from plaintiff's residence, place of employment and certain other addresses.

Defendant moved to dissolve the FRO on February 1, 2017, submitting a certification asserting changed circumstances warranting dissolution of the restraints. In particular, he asserted changed circumstances because the order was over two years old, they had both changed jobs and residences and he is in a new relationship. Defendant requested, alternatively, the order be modified to

permit him to conduct business at plaintiff's former workplace because she no longer worked there. Plaintiff filed a certification in response asserting she continues to need an order of protection and outlining her reasons in detail.

The trial court conducted a preliminary hearing on October 5, 2017. Plaintiff, through unsworn testimony, said she was still fearful of defendant, carried the restraining order with her at all times, and believed defendant still posed a threat to her. Since entry of the FRO, plaintiff alleges the parties saw each other on at least three occasions. In one instance, plaintiff and defendant had an accidental encounter in a bar and defendant allegedly left after a verbal confrontation with plaintiff's friend. In a second encounter, defendant allegedly appeared at a running event plaintiff planned. Plaintiff also learned defendant, who had previously lived 8.1 miles from her, moved to a house 6.8 miles from her home. Defendant did not testify.

The Family Part judge concluded changed circumstances did not exist; therefore, a formal hearing was unnecessary. The trial court denied defendant's motion to dissolve the FRO, but did amend the FRO to allow defendant to enter plaintiff's prior workplace.[1] This appeal followed.

---

[1] The Family Part judge was careful to note the amended FRO had no bearing on whether the workplace's security still prohibited defendant from entering.

A-1237-17T1

"We have a strictly limited standard of review from the fact-findings of the Family Part judge." N.J. Div. of Youth & Family Servs. v. I.H.C., 415 N.J. Super. 551, 577 (App. Div. 2010). We defer to the judge's findings "unless it is determined that they went so wide of the mark that the judge was clearly mistaken." N.J. Div. of Youth & Family Servs. v. G.L., 191 N.J. 596, 605 (2007). However, questions of law are reviewed de novo. Smith v. Millville Rescue Squad, 225 N.J. 373, 387 (2016).

Pursuant to the Prevention of Domestic Violence Act, a FRO may be dissolved upon good cause shown. N.J.S.A. 2C:25-29(d). Good cause requires proof of changed circumstances between the parties. In Carfagno v. Carfagno, the court listed eleven factors a trial judge should weigh in determining changed circumstances:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting

4

the victim from the defendant; and (11) other factors deemed relevant by the court.

> [Carfagno v. Carfagno, 288 N.J. Super. 424, 434-35 (Ch. Div. 1995), adopted by Kanaszka v. Kunen, 313 N.J. Super. 600, 607 (App. Div. 1998).]

Not every dissolution application is entitled to a hearing; rather, the defendant must first make a prima facie showing of changed circumstances and raise a dispute of material fact. Kanaszka, 313 N.J. Super. at 608.

Here, the trial judge based his conclusions on both parties' certifications and plaintiff's unsworn testimony. The judge analyzed each of the applicable Carfagno factors and focused on the parties' close proximity and how they continue to encounter each other because "their circles do overlap." The trial judge noted plaintiff's fear of defendant was objective because it had only been roughly two years since the last finding of harassment.

We see no reason to disturb these conclusions. The trial judge should not have considered plaintiff's unsworn testimony, but even as error, we consider it harmless.[2] Defendant's certification in support of his motion to dissolve the FRO did not establish a prima facie case of changed circumstances. Defendant

---

[2] We note pro se plaintiff's brief contains some factual recitations outside the four corners of the record. We have not considered those assertions in our analysis. R. 2:6-2.

argues the passage of time and the fact he is in another relationship is sufficient to constitute changed circumstances. However, the passage of time alone, absent evidence indicating plaintiff has no objective basis to fear defendant, is insufficient to show changed circumstances. Moreover, defendant's certification restates the Carfagno factors in a conclusory manner without providing substantive support. See Lepis v. Lepis, 83 N.J. 139, 159 (1980) (conclusory allegations should be ignored in determining whether a plenary hearing is necessary). Without evidence of changed circumstances, the trial court rightly concluded a plenary hearing was unnecessary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1237-17T1