**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3757-22

N.M.,

      Plaintiff-Respondent,

v.

D.F.P.,[1]

      Defendant-Appellant.

_____

      Argued September 18, 2024 – Decided October 3, 2024

      Before Judges Currier and Paganelli.

      On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FV-07-2988-19.

      Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the briefs).

      Scott Weingart argued the cause for respondent (McCarter & English, LLP, attorneys; Michelle Pallak, Scott Weingart, and Gregory Batt, on the brief).

---

[1] We use initials to protect the domestic violence victim's privacy. R. 1:38-3(d)(10).

PER CURIAM

Defendant appeals from the July 12, 2023 order denying his motion to dismiss a final restraining order (FRO) issued under the Protection of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We affirm.

We glean the pertinent facts and procedural history from the motion record. In 2019, plaintiff was granted a FRO under the PDVA. The predicate act underlying the grant of the order was "harassment." The motion judge noted defendant "had engaged in a course of conduct or repeatedly committed acts with purpose to alarm or seriously annoy . . . plaintiff . . . [by] . . . parking his vehicle in close proximity to the plaintiff's home, continuously being in the vicinity of [plaintiff's] home and other places where she went and other incidents . . . ." Within two months of the award of the FRO, defendant filed for an application to modify the FRO. The application for modification was denied.

In September 2022, defendant filed an application to vacate the FRO. The trial court denied the motion because defendant failed to attend a psychological evaluation as required under the FRO, and after the court's consideration of the Carfagno[2] factors.

_____

[2] Carfagno v. Carfagno, 288 N.J. Super. 424, 434-35 (Ch. Div. 1995).

In December 2022, defendant filed another application to vacate the FRO. In support of his motion, defendant provided a psychological evaluation that stated he was "not in need of . . . psychotherapy or any other mental health treatment services . . . ."  The trial court held a plenary hearing and heard testimony from plaintiff and defendant.

In denying defendant's application to vacate the FRO, the judge credited plaintiff's testimony and "questioned" defendant's credibility.  The judge found plaintiff did "not consent to dismissal of the FRO."  In addition, the judge found plaintiff was acting in good faith in opposing the dismissal.  The judge carefully tested plaintiff's motivation against the potential of "harbor[ed] feelings of anger," but concluded plaintiff's opposition was a result of being "traumatized" and the need to "stop" defendant.

In addition, the judge found plaintiff "continue[d] to fear" defendant.  The judge weighed plaintiff's assertion of fear against the evidence that plaintiff had sent defendant a "Happy New Year text."  The judge noted, "[s]ending such a text would certainly [raise a] question [about] a party's true fear of the other party."  Nonetheless, the judge accepted plaintiff's explanation for sending the text and credited plaintiff's testimony that she still needed the FRO for "her health, welfare and safety."

3

Moreover, the judge considered defendant's testimony that he "fe[]l[t] remorse for his action[s], and fe[]l[t] this [wa]s sad for his family and hard on his family." But the judge found defendant's arguments were self-serving and found he had "no true remorse, no real accountability for his actions."

Further, the judge found defendant's testimony, that he no longer worked near plaintiff, was belied by paperwork he submitted in evidence. In addition, the judge observed defendant during the hearing and noted he "smirked" and "shook [his] head" when plaintiff testified about what she went through. The judge's observations led her to conclude defendant was "not taking responsibility for [his] actions" but instead evidenced that he was "more concerned" about himself.

The judge considered that the parties "had no contact with each other . . . ." Moreover, the judge considered defendant's assertions that he: (1) no longer had feelings for plaintiff and was "in a new relationship"; (2) was never convicted of violating the FRO; (3) had "no involvement with drugs or alcohol use"; and (4) had not "been involved with violent acts with other persons."

Ultimately, the judge concluded "defendant ha[d] made no compelling argument as to why the FRO should be dismissed."

A-3757-22

On appeal, defendant argues the judge "erred in denying dissolution of the FRO based on [his] motion and in-court testimony . . . and application of the Carfagno factors which weighed in favor of granting the motion." In addition, he contends the judge did not "specifically address each of the Carfagno factors, which [wa]s required to be done."

We review the order at issue under well-established principles. "The scope of appellate review of a trial court's fact-finding function is limited." Cesare v. Cesare, 154 N.J. 394, 411 (1998). Therefore, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). "Deference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Ibid. (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 177 (1997)). Because a trial court "'hears the case, sees and observes the witnesses, [and] hears them testify,' it has a better perspective than a reviewing court in evaluating the veracity of witnesses." Pascale v. Pascale, 113 N.J. 20, 33 (1988) (quoting Gallo v. Gallo, 66 N.J. Super. 1, 5 (App. Div. 1961)). In contrast, "'[a] trial court's interpretation of the law and the legal conclusions that flow from established facts are not entitled to any special deference.'" Crespo v. Crespo, 395 N.J. Super. 190, 194

(2007) (quoting <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)).

Under N.J.S.A. 2C:25-29(d), "[u]pon good cause shown, any final order may be dissolved or modified upon application . . . ." The judge should consider:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.
>
> [<u>Carfagno</u>, 288 N.J. Super. at 435.]

Here, the judge considered, in detail, the <u>Carfagno</u> and other factors in reaching her conclusion. Her findings of fact are fully supported in the record and her legal analysis is unassailable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3757-22