# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1611-23

L.N.R.,[1]

    Plaintiff-Respondent,

v.

M.M.,

    Defendant-Appellant.

---

Submitted November 12, 2024 – Decided November 22, 2024

Before Judges Sabatino and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Camden County, Docket No. FV-04-1727-24.

Law Office of Mario J. Persiano, attorney for appellant (Mario J. Persiano, on the brief).

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials in this domestic violence case to protect the identities of the parties. R. 1:38-3(c)(12).

In this unopposed appeal, defendant M.M. seeks to overturn a domestic violence Final Restraining Order ("FRO") the Family Part entered against him on December 21, 2023, in favor of plaintiff L.N.R. For the reasons that follow, we vacate the FRO, reinstate the temporary restraining order ("TRO"), and remand for further proceedings.

We briefly summarize the facts and procedural history pertinent to our analysis. In November 2023, defendant returned to the home of plaintiff, his estranged wife, with a police escort, allegedly to collect his remaining belongings. While defendant was there, a confrontation ensued. According to plaintiff, defendant verbally abused her with profane language in front of their child and other children who were present.

The following day, plaintiff obtained a TRO. In her application, she described the encounter from the previous day as a predicate act of domestic violence. She also detailed a history of verbal abuse, with no mention of any physical abuse. The parties, then both self-represented, appeared for a one-day hearing on the FRO. They were the sole witnesses to testify.

During the FRO trial, plaintiff injected an issue of physical abuse by stating in her testimony that defendant had choked her on a previous occasion.

The court did not ask plaintiff any follow up queries to establish the date of the alleged choking incident.

In his own testimony, defendant denied ever choking plaintiff and alleged that plaintiff had been lying about various subjects. He stated he had moved out of their shared residence because their relationship had become "toxic."

The trial court granted the FRO. In its terse oral decision, the court found plaintiff credible, and that defendant was "lying about everything."

Critical to this appeal, the only conduct found by the trial court to be a proven predicate act was the choking incident, which comprised an assault. Notably, that incident was never specified in specified in the "past history of domestic violence" portion of plaintiff's complaint. The court further concluded an FRO was necessary because of the choking, as well as defendant's misuse of marital assets, his failure to pay child support, and his involvement of the police when he came to reclaim his belongings.

Now represented by counsel, defendant appeals the entry of the FRO. Plaintiff did not file a responding brief.

Defendant makes three arguments on appeal: (1) the trial court's grant of an FRO on grounds not alleged in the complaint violated his due process rights; (2) the court did not adequately analyze the necessity of the FRO under prong

3

two of Silver v. Silver, 387 N.J. Super. 112, 126–27 (App. Div. 2006), and statutory requirements; and (3) the court failed to explain its reasoning sufficiently to satisfy Rule 1:7-4.

The applicable legal standards are clear. In order to issue an FRO under The Prevention of Domestic Violence Act of 1991, N.J.S.A. 2C:25-17 to -35 ("the Act"), the trial court must make certain findings, pursuant to a two-step analysis. Silver, 387 N.J. Super. at 125–27.

As a first step, the court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred." Id. at 125. The court should make this determination "in light of the previous history of violence between the parties." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 402 (1998)). Here, plaintiff alleged in her complaint a predicate act of harassment. See N.J.S.A. 2C:33-4 (defining harassment). She left unchecked other boxes on the complaint form, such as terroristic threats, N.J.S.A. 2C:12-3, and assault, N.J.S.A. 2C:12-1.

As a second step, if a judge finds a predicate act occurred that satisfies N.J.S.A. 2C:25-19(a), "the judge must determine whether a restraining order is necessary to protect the plaintiff from future danger or threats of violence."

4

D.M.R. v. M.K.G., 467 N.J. Super. 308, 322 (App. Div. 2021). "[T]he guiding standard is whether a restraining order is necessary, upon an evaluation of the factors set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6),[2] to protect the victim from an immediate danger or to prevent further abuse." Silver, 387 N.J. Super. at 127; see also N.J.S.A. 2C:25-29(b) ("[T]he court shall grant any relief necessary to prevent further abuse.").

N.J.S.A. 2C:25-29(a) instructs "[t]he court shall consider but not be limited to" several outlined factors, including the previous history of domestic violence between the parties. "[W]hether the victim fears the defendant" is an additional factor the trial court may consider. G.M. v. C.V., 453 N.J. Super. 1, 13 (App. Div. 2018) (quoting Carfagno v. Carfagno, 288 N.J. Super. 424, 435 (Ch. Div. 1995)). This inquiry is necessarily fact specific. Silver, 387 N.J. Super. at 127–28 (remanding an FRO appeal for additional fact finding).

To ensure procedural fairness, case law mandates that when cases under the Act are tried, a defendant is entitled to fair notice of the allegations that plaintiff is deeming and relying upon to establish the predicate acts. H.E.S. v. J.C.S., 175 N.J. 309, 321-23 (2003). "At a minimum, due process requires that

---

[2] The Legislature revised the statute to include a seventh factor effective as of January 8, 2024, after the relevant decision in this matter. N.J.S.A. 2C:25-29(a) (amended Jan. 2024).

a party in a judicial hearing receive 'notice defining the issues and an adequate opportunity to prepare and respond.'" Id. at 321.

Our scope of review is also well established. The Family Part's findings are binding on appeal, "when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 412 (1998). "We defer to the credibility determinations made by the trial court because the trial judge 'hears the case, sees and observes the witnesses, and hears them testify,' affording it 'a better perspective than a reviewing court in evaluating the veracity of a witness.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare, 154 N.J. at 412); see also S.D. v. M.J.R., 415 N.J. Super. 417, 429 (App. Div. 2010).

Applying these principles to the trial court's oral decision and the record, we vacate the FRO without prejudice and remand for additional findings and proceedings. We do so because all three of defendant's arguments for relief have merit.

First, the sole predicate act the trial court relied upon in its decision, i.e., the alleged undated choking incident, was not specified as a predicate act in plaintiff's complaint. Nor was it even mentioned in the "prior history" section of the TRO complaint form. Defendant was not given a fair opportunity to prepare a defense to this newly asserted claim. Meanwhile, the court made no

6

finding of harassment, which was the sole predicate act identified in the complaint. Defendant was not afforded the full measure of due process to which he was entitled. H.E.S., 175 N.J. at 321–23.

Second, the court did not evaluate the necessity of restraints in accordance with Silver, 387 N.J. Super. at 127. It did not address the statutory factors under N.J.S.A. 2C:25-29(a)(1) through (6). Nor did it tie its conclusion of necessity to the prior history of domestic violence that plaintiff had set forth in her complaint. Instead, the court alluded to financial reasons that had not been pled, and defendant's use of a police escort when he picked up his belongings—which arguably was justified in light of the antagonism between the parties.

Lastly, the court's oral opinion did not set forth an adequate statement of reasons for its decision in compliance with Rule 1:7-4. Rather than remand for an amplification of reasons, the wisest course of action is to vacate the FRO, reinstate the TRO and remand for further proceedings before a different trial judge. See Freedman v. Freedman, 474 N.J. Super. 291, 308 (App. Div. 2023) (remanding a matter to a different judge, given the original judge's potential commitment to prior findings).

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1611-23