# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2766-23

L.F.F.,

    Plaintiff-Respondent,

v.

G.H.H.,

    Defendant-Appellant.

_____

Submitted September 16, 2025 – Decided November 12, 2025

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-1946-22.

G.H.H., appellant pro se.

L.F.F., respondent pro se.

PER CURIAM

Defendant G.H.H. appeals the trial court's April 11, 2024 amended final restraining order (FRO), following a hearing. The amended FRO: permitted

defendant to attend his children's high school graduation; barred defendant from plaintiff's residence and her place of employment; denied defendant's application to get Social Security documents from plaintiff; and continued all other restrictions and conditions from the June 22, 2022 FRO.

On appeal, defendant raises numerous issues, most of which have either been resolved by the prior appeal or are wholly unrelated to the order currently on appeal. Among other things, defendant argues the trial court: should have recused itself; should not have granted a restraining order against him; erred by not dissolving the restraining order; erred by granting attorney's fees in a prior order; and erred by not ordering a mistrial in the FRO hearing resulting in the amended order. We affirm.

I.

A.

As background, we recount the relevant facts and some procedural history. We begin with an excerpt from our decision in [L.F.F. v. G.H.H.] (L.F.F. I), No. A-1257-23 (App. Div. Mar. 31, 2025).

> Plaintiff and defendant married on June 28, 1998. They had three children together: the oldest is now twenty-three and the twins are nineteen.
>
> . . . .

The parties were divorced pursuant to a final judgment of divorce (FJOD) issued on June 25, 2020, after three days of hearings related to the enforceability of the parties' marital settlement agreement and memo of understanding dated January 8, 2020. The memo of understanding was incorporated into the FJOD.

The FJOD established, among other things, that defendant's child support obligation would be $416 per week. That obligation was later modified so that defendant's two minor children each received a derivative social security benefit of $762 per month until they graduated high school in June of 2024. In addition, the Burlington Probation Division garnished defendant's wages from his Social Security Disability payment in the amount of $150 per week for child support pursuant to an order dated November 18, 2019. Defendant never appealed the FJOD.

Defendant filed for bankruptcy. On January 7, 2022, the Family Part ordered the sale of the parties' former marital home. The bankruptcy court stayed the sale, but eventually lifted the stay and authorized plaintiff's sale of the marital home on April 19, 2022.

After a trial, plaintiff obtained a final restraining order (FRO) against defendant under the Prevention of Domestic Violence Act on June 22, 2022. The FRO barred defendant from plaintiff's residence and employment, and identified other protected parties, such as plaintiff's sister and brother, and the parties' adult child. Defendant was also ordered to complete a substance abuse evaluation, a psychiatric evaluation, and a batterer's intervention program. Defendant did not appeal the order.

On October 4, 2022, defendant filed an application containing detailed complaints against the

trial court and counsel, and seeking relief from various orders entered under the FM and FV cases. . . . In a separate FV order, the judge found defendant did not meet his burden under Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995) and denied defendant's motion to dissolve the FRO.

On September 13, 2023, defendant again sought dismissal of the FRO, citing issues related to child support, attorney's fees, and the sale of the marital home. By order dated November 9, 2023, the second judge denied all defendant's requests, making findings. The court: noted defendant's failure to timely appeal the issuance of the FRO; found defendant failed to demonstrate a change in circumstance to warrant dissolution of the FRO; and found that defendant failed to address any of the Carfagno factors.

Regarding defendant's claim that the court lacked jurisdiction to order the sale of the marital residence pending his bankruptcy, the court cited the bankruptcy order excluding the residence from the bankruptcy estate.

Turning to defendant's request to reduce child support, the court found defendant:

> failed to comply with the provisions of Rule 5:5-4(a)(3) as . . . [d]efendant has failed to attach the prior [o]rder sought to be modified. Additionally, [defendant] failed to comply with Rule 5:5-4(a)(4) requiring a copy of his current [c]ase [i]nformation [s]tatement and a copy of the [c]ase [i]nformation [s]tatement previously filed at the time of the entry of the [o]rder.

4

On November 14, 2023, the court ordered defendant to complete and submit a Free Application for Federal Student Aid and College Scholarship Service (FAFSA) form for all three children. On November 15, 2023, the court amended paragraph 21 of the November 9 order to include the correct child support amount.

[L.F.F. I, slip op. at 2-5 (footnotes omitted).]

Defendant appealed the November 9, 14, and 15 orders. He contended that the trial court erred by: failing to apply certain social security credits to reduce his child support obligation; improperly applying Newburgh[1] to calculate his college obligation; failing to dissolve the FRO; awarding attorney's fees to plaintiff; and issuing other improper orders. We affirmed. Id., slip. op at 6-12. In detail, we first declined to review the sale of the marital home or the counsel fee award because the three orders on appeal did not address either issue. Next, we affirmed the trial court's order denying defendant's application for modification of child support because defendant failed to show a change in circumstances. We then affirmed the trial court's denial of defendant's motion to dissolve the FRO because defendant failed to address the Carfagno[2] factors. Finally, we rejected defendant's claim that the two judges that issued the

---

[1] Newburgh v. Arrigo, 88 N.J. 529 (1982).
[2] Carfagno, 288 N.J. Super. at 434-35.

A-2766-23

November orders should have been disqualified, concluding that defendant did not raise the issue before the respective trial courts and there was no plain error. L.F.F. I, slip op. at 8-12.

B.

Relevant to this appeal, in March and April 2024, defendant filed two applications before the trial court to amend the June 22, 2022 FRO. He sought permission to: attend the spring play at the children's high school; attend the children's graduation; and secure information from plaintiff to address an ongoing Social Security matter. On April 11, 2024, the court heard argument from each self-represented party.

Making findings, the court addressed defendant's requests. It denied defendant's school play request as moot, because the play had already occurred. The court next found plaintiff's Social Security issues were resolved and therefore denied defendant's requests for information. Finally, the court granted defendant's request to attend the children's graduation, placing limits and conditions on his attendance in an oral supplemental decision to the amended FRO.

The court also noted at the hearing that defendant continued to allege that plaintiff and her counsel were committing perjury. The record shows that

A-2766-23

defendant offered no credible evidence to support his claims. The court took no action or issued any order related to these claims. During a lengthy colloquy between the court and defendant, the court rejected defendant's ad hominem attacks as unsupported and as having been previously addressed on the record.

On appeal, defendant argues: (1) plaintiff's and her counsel's "perjury" on issues unrelated to the amended FRO constitute a basis for reversal; (2) the trial court should have recused itself; (3) the trial court should not have granted a restraining order against him; (4) the trial court erred by not dissolving the restraining order; (5) the trial court erred when it ordered counsel fees after a prior motion; and, (6) the trial court erred by not declaring a mistrial.

## II.

"We accord 'great deference to discretionary decisions of Family Part judges,' in recognition of the 'family courts' special jurisdiction and expertise in family matters.'" G.M. v. C.V., 453 N.J. Super. 1, 11 (App. Div. 2018) (internal citations omitted) (first quoting Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012); and then quoting N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010)). "We are mindful of the deference owed to determinations made by family judges who hear domestic violence cases." Ibid. "[F]indings by the trial court are binding on appeal when supported by adequate,

substantial, credible evidence." Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).

The decision to recuse oneself is one that is "entrusted to the sound discretion of the [trial court,]" and is "subject to review for abuse of discretion." State v. McCabe, 201 N.J. 34, 45 (2010); R. 1:12-2.

"The denial of [a] motion [for mistrial] is review[ed] [] for an abuse of discretion." State v. Herbert, 457 N.J. Super. 490, 503 (App. Div. 2019) (quoting State v. Winter, 96 N.J. 640, 647 (1984)). The decision to grant a mistrial is "an extraordinary remedy to be exercised only when necessary 'to prevent an obvious failure of justice.'" State v. Yough, 208 N.J. 385, 397 (2011) (quoting State v. Harvey, 152 N.J. 117, 205 (1997)). The grant or denial of a mistrial "is a decision 'entrusted to the sound discretion of the trial court,'" and will not be disturbed on appeal "absent an abuse of discretion that results in a manifest injustice." State v. Smith, 224 N.J. 36, 47 (2016) (first quoting Harvey, 151 N.J. at 205; and then quoting State v. Jackson, 211 N.J. 394, 407 (2012)).

### III.

### A.

First we address defendant's unrelated claims. There are four: the allegations of perjury; the argument that the trial court erred by issuing an FRO

in June 2022; the argument that the trial court erred by not granting his motion to dissolve the June 2022 FRO; and that the trial court erred by granting an award of counsel fees in favor of plaintiff and against defendant.

Because none of these substantive issues were addressed in the order now on appeal, we find these arguments without merit, and reject them outright. We comment briefly.

"It is a fundamental [principle] of appellate practice that we only have jurisdiction to review orders that have been appealed to us." L.T. v. F.M., 438 N.J. Super. 76, 91 n.5 (App. Div. 2014) (alteration in original) (quoting State v. Rambo, 401 N.J. Super. 506, 520 (App. Div. 2008)); see also 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (stating that "only the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review.").

The record shows that the trial court addressed three matters in the hearing below. One related to Social Security information defendant sought from plaintiff, two other matters were strictly related to defendant's ability to see his children. The four points on appeal considered in this portion of our analysis were simply not before the trial court. It follows that they cannot be considered

A-2766-23

by us now.  <u>L.T.</u>, 438 N.J. Super. at 91.  We have no jurisdiction to review the previous orders that considered these issues, and we conclude there is no error .

B.

Defendant argues that the court erred by declining to recuse itself from this matter.  He presented no evidence before the trial court, or on appeal, to support this claim.  Indeed, we rejected this argument in <u>L.F.F. I.</u>, slip op. at 12-13.  Withdrawing from a case "upon a mere suggestion" of disqualification is improper.  <u>Panitch v. Panitch</u>, 339 N.J. Super. 63, 66-67 (App. Div. 2001).  A judge should not step aside from a case "unless the alleged cause of recusal is known by him to exist or is shown to be true in fact."  <u>Hundred E. Credit Corp. v. Eric Schuster Corp.</u>, 212 N.J. Super. 350, 358 (App. Div. 1986); <u>see also</u> <u>Laird v. Tatum</u>, 409 U.S. 824, 837 (1972) (holding a judge's "duty to sit where not disqualified . . . is equally as strong as the duty to not sit where disqualified") (emphasis removed).  After a thorough review of the record, we discern no basis for concluding that the trial court abused its discretion in declining to recuse itself.

C.

Finally, defendant contends that the trial court should have declared a mistrial on several grounds:  (1) that the judge failed to review the transcripts or

A-2766-23

record and issued orders without requisite knowledge; (2) that the court punitively punished defendant following the issuance of the FRO, including the loss of his Second Amendment rights; and (3) that plaintiff and plaintiff's prior attorneys allegedly lied during the proceedings, tainting the outcome of the FRO.

Having addressed the perjury allegation already, we consider the first two arguments.

The record reveals that defendant never moved for a mistrial before the trial court. Absent such a motion, the issue is generally not preserved for appellate review. See State v. Robinson, 200 N.J. 1, 20 (2009) (We "will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available. . .").  That said, we briefly comment.

When considering a motion for a mistrial, courts should consider the "unique circumstances of the case."  State v. Smith, 224 N.J. 36, 47 (2016) (citing State v. Allah, 170 N.J. 269, 280 (2002); State v. Loyal, 164 N.J. 418, 435-36 (2000)). "If there is 'an appropriate alternative course of action,' a mistrial is not a proper exercise of discretion." Ibid. (quoting Allah, 170 N.J. at 281).  A new trial should not be granted "unless it clearly appears there was a

miscarriage of justice." Boryszewski v. Burke, 380 N.J. Super. 361, 391 (App. Div. 2005). In considering the denial of a mistrial, our review depends "very largely on the 'feel' of the case which the trial judge has at the time." Greenberg v. Stanley, 30 N.J. 485, 503 (1959) (citation omitted).

Defendant offers no facts to support his allegations; the record shows no urgent circumstance or plain, obvious injustice that would warrant a mistrial.

Any remaining claims by defendant which are not addressed here lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division